# Franklin *v.* Morris, Appellant.

*Confession of judgment by partner in firm name.*

Where judgment is confessed by a partner in the firm name, the judgment is not binding against a partner who has not consented to it, but it is available against the partner who confessed the judgment and against the firm if it was for a partnership debt.

*Opening judgments—Discretion of court—Review.*

An affidavit by one partner for rule to open judgment confessed in the firm name by another partner is insufficient to call in question the consideration of the judgment against the partnership where the affidavit avers that, from all information deponent has and can obtain, little if anything is due; but an averment that the amount claimed would not exceed a certain sum is ground for opening the judgment for all beyond the sum named.

Argued March 13, 1893.  Appeal, No. 62, July. T., 1892, by defendants, Jacob D. Morris et al., partners, from order of C. P. Bradford Co., Feb. T., 1892, No. 398, discharging rule to open judgment.  Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to open judgment.

From the record it appeared that on Jan. 25, 1892, Julia A. Franklin entered judgment for $750 against Jacob D. Morris and Geo. W. Franklin, copartners, doing business as the Franklin Blue Stone Co., on warrant of attorney signed "Franklin Blue Stone Co.," and levied upon their property.

Morris filed an affidavit for a rule to strike off judgment, in which he averred:

"That the written portion of said obligation and the signature thereto is wholly in the handwriting of George W. Franklin, and was executed without the knowledge of the deponent; that he believes, and expects to be able to prove, that the amount mentioned in said obligation, if not fraudulent, is owing from the said Geo. W. Franklin to his mother the said Julia A. Franklin, the payee, personally; that the said Franklin Blue Stone Company is not, nor is the said Jacob D. Morris, indebted to the said Julia A. Franklin, nor has there been any bargain, contract, lease or other obligation between the said Franklin Blue Stone Company and the said Julia A. Franklin; and that if the said Geo. W. Franklin has executed the obligation mentioned, for his individual or supposed indebtedness to his mother, it has been without the knowledge or assent of the deponent.

"Deponent further says that he, the said Jacob D. Morris and the said Geo. W. Franklin, are the only members of the said partnership or firm known as the Franklin Blue Stone Company, and that this judgment is entered to the prejudice of creditors of the firm."

A rule to strike off judgment was granted.

I. McPherson, Esq., plaintiff's counsel, filed an affidavit in which he averred:

"That the said note was given in good faith and for an honest indebtedness the said firm owed her the said Julia A. Franklin, which arose under the following facts and circumstances: The plaintiff is and for a number of years past has been the

owner of a farm in the township of Sheshequin, on which, inter alia, is located a valuable bluestone quarry. That on or about the 1st of August, 1889, the said Geo. W. Franklin and J. D. Morris entered into copartnership under the said firm name for the purpose of quarrying, shipping and selling stone taken from the said quarry of the plaintiff, and did quarry, ship and sell a large quantity of stone therefrom.

, " That the understanding was that said firm was to pay to the said Julia A. Franklin a certain royalty or price per square foot for stone so quarried and taken from her quarry. That on Jan. 1, 1890, the said Geo. W. Franklin entered into a written lease with her to so do, and immediately or at the same time sublet the quarry to the said firm, the same being signed by the said J. D. Morris, who knew of the other said lease between the said Julia A. Franklin and the said Geo. W. Franklin. That by the said firm lease the said rent or royalty was to be paid on or for all stone taken as aforesaid from August 1, 1889, and that while the same specified that the same was to be paid to the said Geo. W. Franklin by said firm, yet in fact it was only to be so paid to him as the agent of and for his mother, the said Julia A. Franklin.

" That at deponent's request before the said firm note was taken for said royalty, or at the time it was taken, the said Geo. W. Franklin assigned the amount, nominally due him as aforesaid on said lease of said firm to her the said Julia A. Franklin, she being the person to whom the said firm really owed the said royalty.

" Deponent further says that he verily believes the full amount of said note is justly due to the plaintiff and owing to her by the said firm, and that a short time before the said note was executed in behalf of said firm as before stated, the said J. D. Morris admitted to deponent that the firm was indebted to her, the said Julia A. Franklin, for said royalty, and expressed a willingness to give a note for the same and to prefer her to other creditors of said firm, and only excused himself from giving the note at that time to deponent on the ground that he did not know the correct amount due her, but only claimed that the firm had paid her $100, on account of royalty on all the stone taken by said firm from said quarry. Deponent also denies that the said note was given on judgment entered there-

on, to the prejudice of the other creditors of said firm, except so far as an honest preference of the plaintiff to other creditors may operate in so doing."

Morris in his affidavit for answer, averred :

" That he has been informed and has supposed that the said Julia A. Franklin was the owner of the land on which the quarry in question is situated ; that he has been likewise informed, given to understand and verily believes, that Geo. W. Franklin, her son, had acquired possession of said farm under lease, with the right to sublet the same, and that the said Geo. W. Franklin did sublet said quarry to the defendant firm, composed of himself, the said George W. Franklin, and your deponent ; that in and by said lease no mention is made of the said Julia A. Franklin, or that any payment should be made to her, —and deponent denies that said firm should pay royalty or rent to her.

" Deponent further says that he had no knowledge of the terms or conditions upon which the said George W. Franklin held said land from his mother, beyond having been casually informed that the said G. W. Franklin was " to pay $200 a year for said farm,"—and expressly denies knowledge of the existence of the writing now produced, or of any knowledge that the said George W. Franklin claimed to be the agent of his mother.

" Deponent further avers that he had no knowledge or information that said George W. Franklin had assigned his lease with defendant company, or the amount due under it to the said Julia A. Franklin, until he was so advised upon the reading of the affidavit of I. McPherson, Esq., in this suit.

" Defendant further says, that from all the information he has and can obtain, little if anything in amount is due from the defendant firm to the said Geo. W. Franklin, on account of his lease or otherwise ; that deponent has been denied inspection and examination of the books of the firm, which are in the custody of the said George W. Franklin, and all requests made by him for examination and settlement according to said books have been evaded or refused.

" Deponent has expressed a willingness, in the presence of Mr. McPherson, to have a settlement upon the production of the firm books, whether for the benefit of said Geo. W. Frank-

lin or his mother; but that nothing was due her until after settlement with the said George W. Franklin upon the basis of the lease executed by said Franklin to the defendant firm."

A supplemental affidavit, filed by Morris, averred:

" That in the conversations which he has had with I. Mc-Pherson, Esq., relative to the affairs of the Franklin Blue Stone Company, he has never admitted in words or in substance that the firm, meaning said Blue Stone Company, ' was indebted to the said Julia A. Franklin for royalty,' nor has your deponent expressed a willingness to give a note for the same; but on the other hand has refused so to do, until a full settlement of the accounts of the partners of the firm.

" Deponent further avers that as an active partner in the business, and while occupied only with its affairs, he has no knowledge that the claims for royalty for stone taken from the quarry in question would be as great as claimed by the amount of the present judgment; he further avers and expects to be able to prove that the royalty upon all the stone taken from the quarry from Aug. 1, 1889, to Jan. 1, 1892, would not exceed the sum of six hundred dollars."

The court, PECK, P. J., discharged the rule.

*Error assigned* was above order.

*James H. Codding*, for appellant.

*I. McPherson*, *E. J. Angle*, with him, for appellee.

OPINION BY MR. JUSTICE GREEN, April 10, 1893:

In this case the judgment was confessed by George W. Franklin against himself and Jacob D. Morris, partners doing business as the Franklin Blue Stone Company. Morris had nothing to do with the confession of the judgment and it was done without his knowledge or consent. In the case of Boyd v. Thompson & Coxe, 31 W. N. 473, [153 Pa. 78,] we considered the whole subject involved in the present contention, and decided that the judgment must be vacated as to the partner not consenting, but that it was available against the partner who confessed the judgment and against the firm if it was for a partnership debt.

In the present case the nonconsenting partner avers in his supplemental affidavit that the royalty upon all the stone taken would not exceed the sum of six hundred dollars, and as the judgment was confessed for seven hundred dollars a question is raised as to one hundred dollars of the consideration. The averments of the defendant Morris in his other affidavits are not sufficiently specific to call in question the consideration of the judgment as to the sum of six hundred dollars, part thereof, and we therefore are of opinion that as to the sum of one hundred dollars, the judgment should have been opened as against the firm, and it should be entirely stricken off as to the defendant Morris.

The order of the court below is reversed as to the defendant Jacob D. Morris, and as to him the judgment is stricken off; as to the firm the judgment is opened as to the sum of one hundred dollars and rule to open discharged as to the remainder of the judgment, at the cost of the appellee.