## Gallen's Estate.

*Executors and administrators—Payment of award—Set-off.*

On a petition for an order to compel an administrator to pay the amount of an award, an answer is insufficient which avers that since the date of the award the administrator had paid to petitioner directly and on her account and at her request certain sums of money amounting in the aggregate to more than the amount of the award, without any averment that the petitioner had agreed that the money thus paid should be a payment and satisfaction of the award.

Argued Oct. 17, 1901.  Appeal, No. 121, Oct. T., 1901, by John C. Gallen, from decree of O. C. Phila. Co., Oct. T., 1897,

No. 105, directing the payment of an award in the Estate of Charles Gallen, Deceased. Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for an order to compel payment of an award.

The petition averred that on January 29, 1898, the sum of $193.79 had been awarded to the petitioner, Catharine T. D. Givin, from the estate of Charles Gallen, deceased, and that the administrator of the estate had not paid the award.

The answer to the petition was as follows :

The respondent admits that upon the adjudication of his account as administrator of the estate of Charles Gallen, deceased, there was awarded to the said petitioner the sum of $193.79.

The petitioner, however, is indebted to the respondent in the sum of $1,528.57 and upwards with interest, indebtedness incurred under the following circumstances :

Respondent and petitioner are brother and sister. The petitioner has been a widow for a number of years past, during which she has resided with the respondent as a member of his household. During said period the respondent, at the special instance and request of the petitioner, has paid out various sums of money for the benefit of the petitioner, comprising money paid for her board and nursing at hospitals, for clothing, for medical attendance, for redeeming articles of personal property belonging to the respondent and taken from his residence by the petitioner and pawned by her; and also for cash lent to her.

The respondent has commenced an action against the petitioner in court of common pleas, No. 3, to March term, 1901, No. 380, to recover the sum of $163.07, with interest. In said statement of claim the respondent has given the petitioner credit for the said award of $193.79.

The petitioner and her son, James B. Givin, have been for a number of years past and still are joint owners of a certain messuage and tenement situate on the southwest corner of Twelfth and Ellsworth streets, in the city of Philadelphia, which property has been subject to various incumbrances. Respondent, at the special instance and request of the said petitioner and her son, has from time to time paid out various sums of money for building association dues, interest on mortgages,

taxes, water rent, sewer claim, and city claim, all on or against the said property, amounting in all to the sum of $1,841.76, on which there is still due and unpaid a balance of $1,365.50. The respondent has commenced an action against the petitioner and her said son, James B. Givin, in court of common pleas. No. 5, to March term, 1901, No. 729, to recover the sum of $1,365.50, with interest.

The court made the order prayed for by the petition.

*Error assigned* was the decree of the court.

*Henry J. Scott* with him *Anthony A. Hirst*, for appellant.— The appellant, while conceding the force of the general proposition that an executor cannot set off against an award an antecedent claim due him in his own right, contends most earnestly that he should receive credit on the award for payments of cash made directly to the appellee, or paid out for her account and on her request, after the entry of the award. Especially is this true of the present case, where the family relation subsisted between the parties, and the appellant can fairly claim that he was lulled into a sense of security by the acquiescence of the appellee in the course of dealing between them. The history of the case shows that after the entry of the award, which was for the sum of $193.79, the appellant paid out, either directly to the appellee or on her account and at her request, the sum of $434.69.

*Alex. Simpson* of *Simpson & Brown*, for appellee.—A chose in action cannot be set off against a judgment or decree : Thorp v. Wegefarth, 56 Pa. 82; Hopkins v. Stockdale, 117 Pa. 365 ; Cowden v. McClelland, 4 Montg. 133; Bowman v. Davis, 11 Pa. C. C. Rep. 644.

An executor and trustee cannot set off a personal claim of his own against a debt due by him as trustee or executor: Chew v. Rawle, 2 Phila. 282; Lorenz v. King, 38 Pa. 93 ; Bradshaw's Appeal, 3 Grant, 109; Russell v. First Presbyterian Church of Pottsville, 65 Pa. 9 ; Tagg v. Bowman, 108 Pa. 273.

PER CURIAM, October 28, 1901 :
The appellant's contention is that the payment made by him

at the special instance and request of the petitioner after the date of the award should have been treated by the court below as payment and satisfaction of the award. The complete answer to his contention is that he does not allege that there was any agreement between him and her that the money paid on her behalf and the money lent to her was to be so applied. Without such agreement he cannot say that he has paid the award nor can he set off the indebtedness from her to him against the award. The mere fact that a person has a debt against his judgment creditor gives the former no right against the will of the latter to apply the debt as a payment on the judgment: Cooke v. Edwards, 15 Pa. Superior Ct. 412. The court below correctly construed the appellant's answer as simply alleging an indebtedness from the petitioner to him and correctly held that he had no right to apply the amount awarded to her by the decree to this indebtedness.

Decree affirmed and appeal dismissed at the costs of the appellant.