# Burnett *v.* Ella May Dippold, Appellant.

*Judgments—Opening judgments—Part opening—Married woman—*
*Surety for husband—Mortgage—Act of June 8, 1893, P. L. 344.*

On a rule to open judgment it appeared .that a married woman had joined with her husband in giving a judgment bond accompanying a mortgage upon her separate property and that the bond secured, as well as the indebtedness of her husband, payments by the obligee for the benefit of the wife's separate estate. Part of the indebtedness on behalf of the wife's estate had been paid. The plaintiff entered judgment on the bond for the total amount due him from both husband and wife. .

Under such circumstances the judgment against the wife will be held valid as to the unpaid amount of the debt incurred for the benefit of her estate and opened as to the remainder.

Argued April 27, 1927. Appeal No. 109, April T., 1927, by defendant from order of C. P. Allegheny County, January T., 1927, D. S. B. No. 9, in the case of L. A. Burnett v. George S. Dippold and Ella May Dippold. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment entered on a mortgage bond. Before FORD, DREW and CARNAHAN, JJ.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule as to the amount the plaintiff advanced for the benefit of the wife's separate estate and made absolute the rule as respects the balance of the amount of the judgment. The wife appealed.

*Error assigned* was the order of the Court.

*Austin L. George,* for appellant.—The plaintiff could not obtain a general lien on the wife's property by entering judgment on a mortgage bond: Herr v. Reinoehl, 209 Pa. 483; Bartholomew v. Allentown Bank,

260 Pa. 509; Act of 1893, P. L. 344; Pennsylvania Statutes 1920, sections 14569 and 14570.

*R. G. Bostwick,* and with him *W. P. Duncan* and *Thorp, Bostwick, Stewart & Reed,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1927:

Judgment was entered in the court below upon a bond signed by a husband and wife and accompanying a mortgage against the separate property of the wife. The bond and mortgage were given to secure not only certain indebtedness of the husband to L. A. Burnett & Company, a corporation of which plaintiff was president, but also to secure plaintiff for moneys advanced by him to pay taxes and interest then owing by the wife. The wife obtained in the court below a rule to show cause why the judgment should not be opened as to her. After hearing the rule was discharged as respects $2,112.60 of the judgment, the amount which the court found that plaintiff expended for the benefit of the wife's separate estate. The rule was made absolute and the judgment opened as respects the balance of the amount of the judgment. The wife has appealed.

Counsel for appellant state one question for our consideration as follows: "Can the obligee in a judgment bond accompanying a mortgage given by a married woman and her husband covering her separate property to secure indebtedness of her husband obtain a lien against her property by entering judgment on the bond?" It is well settled that this question requires a negative answer. But the real question presented is that stated by appellee as follows: "Where a married woman has joined with her husband in giving a judgment bond accompanying a mortgage upon her separate property and said bond secures an indebtedness of the husband and also payments by the

obligee for the benefit of the said separate estate of the wife, can judgment be entered on the bond against the wife in the amount of said advancement for her separate estate?" Counsel for appellant argues that the entire transaction as shown by the testimony was one to obtain security by the wife for the debts of her husband. And yet he concedes in his brief that plaintiff did advance moneys to pay taxes and interest for appellant, and the latter testified that the mortgage was given not only as security for her husband's debts to plaintiff but also for advancements of money to pay taxes and interest due by her, and that she got the receipts therefor. The court below had authority to open the judgment in part and hold it valid in part: Franklin v. Morris, 154 Pa. 152. Appellant's husband, testifying in her behalf, admitted that appellee paid $2,012 for the benefit of appellant's separate estate. It appears, however, and counsel for appellee concede, that certain payments made by the husband were applied by appellee as credits on account of the advancements made for appellant, that the amount still due by appellant on account thereof is only $723.71, and that the judgment against her for that amount, plus a five per centum attorney's commission thereon, or a total of $759.90, is valid, because it secures her own debt. The judgment is therefore modified by reduction to $759.90.

As thus modified, the judgment is affirmed.