## Cooper v. Frost

*S. J. Feigus*, for plaintiff.

*Chad L. John*, for petitioner.

CARR, J., December 30, 1941.—Petitioner, against whom judgment was confessed upon a mortgage bond, obtained this rule to show cause why the judgment should not be opened in order to permit a recoupment of damages from plaintiff for a breach of contract, the performance of which was a part of the consideration for the mortgage debt.

On November 20, 1939, Henry J. Cooper, a heating contractor doing business as Henry J. Cooper Company, proposed in writing to install in a dwelling house at 40 Barton Mill Road in South Union Township, owned by Ruth J. Frost, defendant, a winter air-conditioning system according to the following specifica-

tions: "5527 Sunbeam air-conditioner heater, with proper pipes, air-conditioning type registers, and ducts for both heat and return air to Sunbeam air conditioner. The entire system will be thermostatically controlled by a White Rodgers room thermostat, damper motor, and blower switch." The house was to be "comfortably heated." The price was $485. The proposal was accepted and the heater and its appurtenances subsequently installed.

Additional charges for roofing and other unrelated metal work brought Mrs. Frost's account with Cooper to a total of $900. Lacking the money to pay him, she arranged with him to give her bond, secured by a first mortgage, not upon the Barton Mill Road property, which was already mortgaged, but upon another house and lot belonging to her, located on Locust Street in Uniontown. At Cooper's request, the bond and mortgage for $900, dated April 29, 1940, and payable within one year, were made to his brother, David S. Cooper, plaintiff, who had no interest in the transaction and gave defendant no consideration, and who therefore took the obligation subject to every defense available against the contractor had he been named as obligee.

On June 6, 1941, judgment by confession was entered on the bond, and on June 12, 1941, this rule to open was issued upon defendant's petition alleging that negligent installation of the heater and ducts had resulted in a fire that caused damage to the house largely in excess of the amount of the judgment.

Testimony taken on the hearing tended to show that the metal plenum chamber or bonnet of the heater was constructed so close to the wood joists above it as to leave a clearance of only an inch or an inch and a half; that the air ducts leading from the heater to the rooms above were placed in combustible partitions, walls, and ceiling spaces; that no insulating material was used to protect the wood joists or to cover the ducts; and

that intense heat emitted from the plenum chamber on a winter night ignited the adjacent joists, from which fire was communicated through the ducts to the wood lath and plaster partitions of the building, causing extensive damage. There was credible testimony that the restricted air space between the top of the plenum chamber and the uninsulated wood joists, and the construction and installation of the ducts through unprotected combustible material in close proximity to the furnace, were conditions unreasonably dangerous for the use for which the system was turned over. The contractor was engaged in the business of selling and installing warm-air heating systems, and it may reasonably be considered that he should have realized the danger. There is nothing to indicate that he had any reason to believe that those for whose use the system was supplied would realize the danger, or that he informed them of it.

Under these circumstances, we think it proper that the case should be submitted to the determination of a jury: A. L. I. Restatement of Torts, secs. 403, 404; Barabe v. Duhrkop Oven Co., 231 Mass. 466, 121 N. E. 415; Holland Furnace Co. v. Nauracaj et al., 105 Ind. App. 574, 14 N. E. (2d) 339; Tollington & Co. v. Jones, 4 Dom. L. R. 648.

We must point out, however, that plaintiff's judgment is not subject to set-off generally. Defendant's right in this proceeding is only one of recoupment, which, although frequently confused with set-off and counterclaim, is a distinct principle and may be defined as the right to present in opposition to plaintiff's claim, for its reduction or extinguishment, a right of action in defendant for loss or damage sustained by him in the same transaction, through breach of contract or duty on the part of plaintiff. No affirmative judgment for defendant is permissible: see Lloyd, The Development of Set-off, 64 U. of Pa. Law Rev. 541. Here defendant's claim is for damages arising from a

negligent installation of the heater and ducts, and therefore can affect only that part of the judgment that represents the consideration for the transaction complained of: Beaty v. Bordwell, 91 Pa. 438; Stroud's Appeal, 109 Pa. 326; Hoffman v. Winston et al., 86 Pa. Superior Ct. 130; Plympton Cabinet Co. v. Rosenberg, 96 Pa. Superior Ct. 330; Franklin v. Morris, 154 Pa. 152; Burnett v. Dippold, 91 Pa. Superior Ct. 127. Hence, the judgment may be opened only as to the $485, which was the contract price of the entire system duly installed.

### Order

And now, December 30, 1941, this cause having come on for hearing and testimony having been taken, it is ordered and directed, nisi, as follows:

1. That the rule heretofore issued to show cause why the judgment should not be opened and defendant let into a defense be made absolute, and the judgment be opened as to the sum of $485, and interest thereon, and that the rule be discharged as to the remainder of the judgment.

2. That an issue be framed between David S. Cooper, plaintiff, and Ruth J. Frost, defendant, to determine the amount, if any, due and owing upon the contract for the installation of the air-conditioning system, which issue shall be created by the filing by plaintiff, in accordance with the Practice Act of May 14, 1915, P. L. 483, and the Rules of Civil Procedure, of a statement of claim, and the filing by defendant of an affidavit of defense, in accordance with said act and said rules, and that the case be tried upon the issue so framed as though this suit had originally been started in assumpsit.

This order and direction of issue shall become final and be so entered by the prothonotary unless exceptions are filed hereto within 10 days.