## Gettier, Appellant, v. Friday.

Submitted September 29, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Anthony Cavalcante,* for appellants.

*Paul V. Mahoney* and *Newcomer & Mahoney,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 9, 1953:

Plaintiffs confessed against the defendant a judgment in the sum of $3,730.61, upon a warrant of attorney contained in an agreement whereby the defendant agreed to mine coal on property leased by the plaintiffs, and to pay certain royalties thereon.

Defendant petitioned to open the judgment, averring that about a month after the agreement and warrant of attorney were signed, and while mining operations were in progress, the parties orally agreed that the defendant should perform other services for the plaintiffs, payments for which were to be credited on the royalty payable under the written contract. Defendant alleged that the amount payable for such additional services was $2,145.83, and asked that this should be allowed as a credit against the amount due the plaintiffs.

Plaintiffs acknowledged the oral agreement for additional services, but alleged that the maximum amount owing therefor was $500.00, which had been offered

but refused by the defendant. Depositions were taken, whereupon the court opened the judgment and plaintiffs appealed, contending: (1) that judgment cannot be opened to permit the defendant to set-off or counterclaim an unliquidated amount, and (2) if opened the judgment must continue in force and effect as to the amount in excess of the counterclaim.

The petition to open judgment is equitable in nature and is addressed to the judicial discretion of the trial court, and its action will not be reversed in the absence of an abuse of discretion: *Harrison v. Stoeckert*, 369 Pa. 143, 85 A. 2d 154. Plaintiffs contend that the lower court has abused its discretion by failing to follow the rule enunciated in prior cases to the effect that the existence of an unliquidated set-off or counterclaim is not ground for opening judgment, and that payment is the only answer to a judgment ripe for execution: *Thorp v. Wegefarth*, 56 Pa. 82, 85; *Harrison v. Stoeckert*, supra. The rule so contended for is still the law under such circumstances, but the cases relied upon did not involve a counterclaim having a relationship to the debt upon which judgment was confessed. In *Yezbak v. Croce*, 370 Pa. 263, 269, 270, 271, 88 A. 2d 80, the Court said: ". . . as early as 1900, in Cooke v. Edwards, 15 Pa. Superior Ct. 412, it was indicated that an exception [to the rule] would lie where the agreement in question provided that the debt sought to be set-off or counter-claimed would be credited on the obligation on which the judgment was entered . . . The . . . questions of fact . . . such as the existence of the oral agreement, its purpose and terms, . . . the amount due and owing thereunder and the amount due and owing on the [written instrument] . . . should be resolved by a jury, under appropriate instructions from the Court, to the end that full justice be done." See also *Gallen's Estate*, 18 Pa. Superior Ct. 365;

*Baird v. Otto,* 90 Pa. Superior Ct. 452; *Franklin v. Morris,* 154 Pa. 152, 26 A. 364. The allowance of the right of counterclaim under the circumstances of this case is doing no more than allowing proof of actual payments on account of the debt. Therefore, in the proper exercise of its discretion the court below was justified in opening this judgment.

The extent to which it should have been opened presented a different question, and we must hold that the order opening the judgment must be modified. The maximum amount claimed in the petition to open is $2,145.83, which represents a sum of $1,584.78 less than the amount of the judgment. Therefore it should have been opened only to the extent necessary to protect defendant on his claim, and it should have been continued in full force and effect as to the balance. That the court below had authority to do so has been determined in *Keystone Bank of Spangler v. Booth,* 334 Pa. 545, 6 A. 2d 417; *Marsh v. Bowen,* 335 Pa. 314, 6 A. 2d 783; and in *Franklin v. Morris,* 154 Pa. 152, 26 A. 364. In justice to the court below, we observe that this question was apparently not raised, but it is fundamental. By modifying the judgment in this respect the defendant is safeguarded against loss to the fullest extent that he can defend. The court below is directed to modify the order by opening the judgment only to the extent of $2,145.83 and allowing it to stand in the sum of $1,584.78.

As thus modified the judgment is affirmed.