Stein, Appellant, *v.* Greene.

Submitted March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harold J. Elkman*, for appellant.

*Saul Finestone*, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

The question presented on this appeal is whether the court below abused its discretion in opening a default judgment.

Plaintiff and defendant were involved in an automobile accident on December 13, 1952. Plaintiff filed a complaint in trespass on January 28, 1953, which was served upon an adult living in defendant's household. The complaint contained a notice to plead within twenty days, substantially following the form provided in Pa. R. C. P. No. 1361, except that the letters "ad" were omitted from the word "plead," making it read, "You are hereby notified to/ple to the within

complaint within 20 days from service hereof." The defendant did not enter an appearance and on April 6, 1953, judgment by default was entered in favor of plaintiff against defendant. On April 21, 1953, a petition for rule to show cause why said judgment should not be opened and defendant let into a defense was filed and served upon counsel for plaintiff. Defendant averred in his petition that, at the time of the accident, plaintiff admitted that he, the plaintiff, had passed through a red traffic light and had caused the accident, and that plaintiff further stated he would not bother defendant. Defendant further averred that he had a written statement from a disinterested witness to the effect that plaintiff had passed through the red traffic light. Defendant also averred that he was lulled into a feeling of security by plaintiff's statements, and that he did not read carefully the blue backer with the notice to answer. Plaintiff's answer to defendant's petition for rule to show cause did not deny the averments as to plaintiff's admissions and the statement concerning the disinterested witness, but merely stated that they were irrelevant and immaterial and that no responsive pleading was required. Plaintiff in his answer set forth that defendant was advised by letter dated January 5, 1953, and by a telephone conversation with plaintiff's attorney on January 6, 1953, that suit would be instituted against him if he did not pay plaintiff's claim. No depositions were taken on the facts alleged in the petition and answer. However, counsel for plaintiff and counsel for defendant agreed that the facts averred by defendant in his petition were correct except that defendant had been notified by letter and by telephone of the impending suit. The court below made absolute the rule to show cause why the judgment should not be opened. Plaintiff has appealed.

A petition to open a judgment is equitable in nature and is addressed to the judicial discretion of the trial court, and its action will not be reversed in the absence of an abuse of discretion. *Gettier v. Friday*, 375 Pa. 206, 208, 99 A. 2d 899; *Brown & Bigelow, Inc. v. Borish*, 165 Pa. Superior Ct. 308, 310, 67 A. 2d 823. Relief from a default judgment will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits. *Britton v. Continental Mining and Smelting Corporation*, 366 Pa. 82, 76 A. 2d 625; *Winner v. Messinger*, 165 Pa. Superior Ct. 507, 510, 69 A. 2d 172. And of course the petition must rest on a meritorious, and not on a mere technical, defense. *Richey v. Gibboney*, 154 Pa. Superior Ct. 1, 5, 34 A. 2d 913.

The court below committed no error of law, and there was no abuse of discretion in making absolute the rule to open the default judgment. The record discloses that defendant did not delay in filing his petition, and that the petition sets forth a meritorious defense and an excuse for his default. Regardless of plaintiff's later actions, defendant conceivably could have been misled by plaintiff's statements made to defendant the day of the accident, especially plaintiff's admission of fault which was not denied in plaintiff's answer to defendant's petition.

Order is affirmed, at appellant's cost.