## Brown *v.* McClure Newspaper Syndicate, Appellant.

Argued March 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Martin D. Cohn,* with him *Theodore R. Laputka,* and *Laputka, Bayless, Ecker & Cohn,* for appellant.

*Daniel J. Flood* and *Frank McGuigan,* with them *James Lenahan Brown* and *Flood & Brown,* for appellee.

OPINION PER CURIAM, April 9, 1957:

This is an appeal by defendant, McClure Newspaper Syndicate, from the refusal of the Court of Common Pleas of Luzerne County to open a judgment confessed on a sealed promissory note. A petition to open a judgment, being equitable in nature, is addressed to the sound discretion of the court of common pleas, and the disposition by that court will not be disturbed unless a clear abuse of discretion is shown. *Stein v. Greene,* 178 Pa. Superior Ct. 464, 467, 116 A. 2d 308; *Gregory v. Fassett,* 178 Pa. Superior Ct. 599,

606, 116 A. 2d 304. The opinion of Judge FLANNERY for the court in banc thoroughly disposes of the contentions of defendant, and our review of the record indicates that there has not been any abuse of discretion in refusing to open the judgment. The order is affirmed, at appellant's costs, on the following excerpts from the opinion of Judge FLANNERY:

"The note was issued in connection with a contemporaneous tripartite agreement made on September 1, 1949, by the plaintiff, the defendant corporation, and one James L. Lenahan. The agreement, inter alia, provided that the plaintiff was to receive a note of the corporation for ten thousand ($10,000.00) dollars in satisfaction of any claim the plaintiff had against Lenahan for money advanced to buy into the corporation or for any interest in the common stock of the corporation arising out of that purchase. By the agreement Lenahan was to release the corporation from monies it then owed him. The judgment note was to be paid in fifty (50) monthly payments to be made thereafter by the corporation. The plaintiff was also given an option, exercisable on default, allowing him to retake his interest in the corporation and to retain any payments already made as liquidated damages. . . .

"We come now to what appears to be the defendant's principal contention, i.e., that the note was unenforceable since the plaintiff, a director and officer of the corporation, accepted the corporate note in payment of a personal obligation owed him by James L. Lenahan, its president. Even conceding that the defendant has established these facts, it is our opinion that the note was nevertheless enforceable. We so conclude on the basis that James L. Lenahan was a 'one man corporation.' In that connection we find:

"1. That in July, 1946, Lenahan purchased all the stock of the defendant corporation from Adelaide

Waldo; however, this stock was retained by the seller as security for the payment of the full purchase price:

"2. That in August, 1946, Lenahan made an agreement with four (4) other persons (one of whom was the plaintiff) whereby it was agreed that each would become owners of one-fifth (1/5) of the stock of the corporation 'after the balance of the purchase price due Mrs. Waldo is paid.' Mrs. Waldo was not paid and meanwhile Lenahan remained in complete control.

"3. That on September 1, 1949, the judgment note in issue was signed 'The McClure Newspaper Syndicate, James L. Lenahan, President,' and under a general seal was delivered to the plaintiff in consideration of monies advanced to Lenahan and services rendered to the corporation.

"4. That by the agreement of September, 1949, under which the note was issued, the plaintiff agreed to relinquish to Lenahan, inter alia, any interest he had acquired in the stock of the corporation.

"5. That in September, 1950, after about twelve (12) payments had been made by the corporation on the note Lenahan obtained a release from all other parties to the agreement of August, 1946.

"6. That after September, 1950, and until June, 1952, about eleven (11) additional payments were made by the corporation on the note.

"7. That all payments made on the corporate note were recorded on the books of the corporation.

"8. That at all times from July, 1946, until August, 1952, Lenahan was the president of the corporation and he was recognized as a 'one man corporation' whose decisions were final. Lenahan's control of the corporate affairs, even to the keeping of books and the disbursement of funds, was clearly shown:

"9. That there is no evidence of fraud or bad faith on the part of the plaintiff at any time during his connection with the corporation.

"10. That on August 28, 1952, after the corporation stopped making payments, the plaintiff entered judgment on the note. Notice of this entry was received by the corporation on August 29, 1952.

"11. That in September, 1952, the shares of the corporation were sold to new owners and Lenahan's connection with the corporation terminated.

"12. That this petition to open was filed about twenty (20) months after the transfer to the new owners.

"On these facts the note was enforceable. . . .

"In Stony Brook Lumber Co. vs. Blackman, 286 Pa. 305 [309, 133 A. 556, 557], the Supreme Court pointed out that:

' "If all the stockholders of a corporation consent, and it is not detrimental to creditors, officers may appropriate corporate assets. It follows that if there are no stockholders except the directors and officers, the latter may, of course, by unanimous consent, give away corporate property, where the rights of creditors are not impaired": 2 Fletcher Cyc. of Corp., par. 2507, p. 3753. We are aware that a corporation has an entity distinct from that of its stockholders; this separate personality equity will disregard if necessary to do substantial justice.' . . .

"In the case before us, Lenahan appears to have been in sole control and in sole ownership of the stock when the note was issued and until September, 1952. It is true that the stock was pledged as security to Adelaide Waldo . . . Nevertheless, the real ownership of all the assets of the corporation was in Lenahan. Thus, when he agreed to issue a note of the corporation to the plaintiff, that constituted the unanimous

consent of the stockholders. This was sufficient to bind the corporation. Other consideration, if any, as may have passed to the corporation, merely fortifies this conclusion.

"The fact the corporation is now in the hands of new owners is immaterial. See O'Neill vs. Finnesey, supra [299 Pa. 97, 149 A. 103]. Its obligations continue.

"The defendant's final contention is that the plaintiff exercised an option given him under the agreement of September, 1949, which precluded him from subsequently enforcing the note. The agreement provided that if the corporation failed to make the required payments on the note, the plaintiff had an option to retake the interest in the stock of the corporation which, by the agreement, he had relinquished to Lenahan.

"However, an examination of the facts reveal that he never acquired an actual interest in the stock which remained with Adelaide Waldo as a pledge. Needless to add, he never retook any interest in the stock. This phase of the agreement contemplated a time in the future when Lenahan would have repaid the Waldo debt and retrieved the shares given as security. Such never came to pass and any proceedings based on its fulfillment is an empty gesture and the plaintiff is left with the remedy he has invoked and which this Court will recognize.

"There was no election of remedies involved in the instant case. There was in fact only one: to proceed on the note. . . .

"The plaintiff has also asked this Court to impose certain charges on the defendant. He suggests that the defendant's petition contains impertinent allegations and also that defendant's purpose in taking the plaintiff's depositions constituted an abuse of process.

Neither the petition nor the depositions suggest such impropriety.

"Therefore, under the facts as presented, the judgment will not be disturbed."

The order is affirmed, at appellant's costs.