Liberty National Bank of Pittston v. Degillio, Appellant.

Argued November 29, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Nicholas R. Degillio,* for appellants.

*J. Earl Langan,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 2, 1962:

On July 24, 1956, the defendants executed and delivered to the First National Bank of Wilkes-Barre, Luzerne County, Pennsylvania, a bond and warrant in the penal sum of $50,000 to secure the payment of a mortgage in the amount of $25,000 given on improved real estate owned by the defendants. The mortgagee bank later merged with the Second National Bank of Wilkes-Barre. On July 18, 1961, payments due on the mortgage being in default and the payment of taxes being in arrears, judgment was entered on the bond in favor of the Second National Bank of Wilkes-Barre, as Trustee, by reason of the consolidation and change of name. On August 23, 1961, the judgment was assigned to the Liberty National Bank of Pittston, which caused a writ of execution to issue.

On September 25, 1961, the defendants petitioned the Court of Common Pleas of Luzerne County to open judgment for the following reasons: (1) That the Liberty National Bank of Pittston was not the real assignee and, therefore, not the real party in interest; (2) That the assignee was not a purchaser for value without notice; (3) That there was an agreement between the defendants and the original mortgagee, the

First National Bank of Wilkes-Barre, that the mortgage would not be assigned. Upon consideration of the allegations in the petition, the lower court refused to issue a rule to show cause why the judgment should not be opened. The legal correctness of this order is now under attack on this appeal.

There is no merit to appellants' position. A petition to open judgment is governed by equitable principles and is addressed to the sound discretion of the court, whose dispositive order in connection therewith will not be disturbed on appeal unless a clear abuse of that discretion appears: *Ehnes v. Wagner*, 388 Pa. 102, 130 A. 2d 171 (1957), and *Gagnon v. Speback*, 383 Pa. 359, 118 A. 2d 744 (1955). To open a judgment, the petitioner must aver a valid defense and also establish the existence of equitable considerations which impress the court with the need for relief: *Lened Homes, Inc. v. Dep't of Licenses*, 386 Pa. 50, 123 A. 2d 406 (1956). A judgment will not be opened on a mere technical ground or to enable the defendant to interpose a technical defense: *State Camp of Pa. P.S. of A. v. Kelley*, 267 Pa. 49, 110 Atl. 339 (1920). Additionally, the meritorious defense must be set forth in specific and clear terms in the petition: *Brown & Bigelow, Inc. v. Borish*, 165 Pa. Superior Ct. 308, 67 A. 2d 823 (1949); *National Building & Savings Assn. v. Fink*, 182 Pa. 52, 37 Atl. 1009 (1897). Unless the petition for a rule to show cause to open the judgment sets forth, clearly and specifically, sufficient facts to induce the chancellor to grant equitable relief, the court may in the exercise of its discretion refuse the issuance of a rule to show cause, and dismiss the petition without requiring that an answer be filed: *International Harvester Co. v. Miller*, 51 Pa. Superior Ct. 324 (1912).

In the instant case, the petition is patently inadequate. There is no allegation therein that the mortgage and bond are invalid and not binding, or that the in-

debtedness claimed is not due and owing. There is no denial of the fact that the payments due under the terms of the mortgage are in default or that the payment of taxes are in arrears. In short, no valid defense to the judgment is asserted. For this reason alone, the Court correctly entered the order complained of.

Further, the allegations of the petition are vague and indefinite. It alleges that the plaintiff is not the real party in interest but fails to aver who is. It alleges the existence of an agreement not to assign the mortgage, but fails to allege when the alleged agreement was consummated, for what consideration, or agreed to by what specific person and by what authority such person acted: See, *Peoples Nat. Bk. & Tr. Co. v. Gaudelli*, 177 Pa. Superior Ct. 212, 110 A. 2d 900 (1955).

Order affirmed.