Universal Builders Supply, Inc., Appellant, *v.*
Shaler Highlands Corporation.

Argued October 8, 1962. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and KEIM, JJ.

*John A. Metz, Jr.,* with him *Harry Bowytz, Guy L.
Warman,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*Zeno Fritz,* for appellee.

*William L. Jacob* and *William L. Jacob, Jr.,* for
intervening defendant.

OPINION BY MR. JUSTICE KEIM, November 28, 1962:

This is an appeal from an order of the Court of Common Pleas of Allegheny County making absolute a rule to show cause why a judgment entered by confession should not be opened. Judgment was entered by appellant on December 23, 1960 on a warrant of attorney contained in a mortgage note in the sum of $70,993.05 (made up of principal debt, $58,978.95, interest at 4¼% from July 13, 1957, $8,633.48 and attorney's commission (5%) $3,380.62).

The facts relative hereto are stated in detail in an earlier opinion of this Court by Mr. Justice BENJAMIN R. JONES wherein he resolved a different issue of law and is reported as *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 405 Pa. 259, 175 A. 2d 58 (1961).

Briefly the facts are as follows: The parties entered into an agreement July 13, 1957 and under the terms of the agreement Universal was to advance not more than $50,000 to Shaler for expenses to be incurred by the latter in a land development project in Shaler Township. In return Shaler was to repay to Universal $90,000 from the sale of lots in the completed project in the following manner: $2,000 on the sale of the first thirty lots, and $1,500 on the sale of each of the next twenty lots. On the same date, July 13, 1957, Shaler executed and delivered to Universal its mortgage note for $90,000. It is the judgment on this mortgage note, payable within a period not exceeding two years, that is presently before this Court. The parties hereto agree that Universal advanced $18,978.95.

North Hills Homes and Development, Inc. by order of court was permitted to intervene as a party defendant for the reason they did have a bona fide and substantial interest in the case after they purchased the real estate involved from Shaler for $40,000. The argument of the intervening defendant does parallel that

of Shaler Highlands Corporation and will be consolidated with Shaler Highlands Corporation for the purpose of this opinion.

The question now before this Court is: Did the lower court abuse its discretion in opening the judgment confessed on the mortgage note?

The appellant contends that in opening the judgment the lower court was so impressed by what it regarded as the "equitable considerations" (the bonus of $40,000) that it completely failed to recognize that Shaler failed to prove any "valid defense" as required by law.

We have examined the pleadings and all exhibits thereto which consist of a complaint, petition to open judgment, answer to petition to open judgment, new matter, reply to new matter, and the deposition of John Gloeckner. This deposition was held on December 22, 1961 in Pittsburgh, Pennsylvania and was taken subsequent to opinion written by Mr. Justice JONES at 405 Pa. 259. The deposition of Mr. Gloeckner reveals that in addition to the $40,000 bonus there are numerous equitable considerations and other matters which aver a valid defense and which impress this Court with the need for relief.

The development project was never completed and if Universal hindered Shaler in the project, as Shaler avers, it cannot benefit from Shaler's failure to complete the development project on time. Universal was to be repaid from the proceeds derived from the sales of homes. The homes were not built and sold, therefore, there is no fund from which Shaler can pay out the installments due as outlined in the agreement. Shaler also asserts that Universal obstructed Shaler in other respects and that this constituted a breach of the agreement in which Shaler and Universal were engaged in a joint venture. We concur with Shaler's position that a joint adventurer owes to the co-adventurer a

higher degree of good faith than that which exists in a creditor-debtor relationship which Universal argues existed.

We must recognize Universal's motive in their alleged tender to Shaler of the balance of the $50,000 which Universal had agreed to advance sometime prior to April 12, 1958. The record reveals that this tender was made by Universal with full knowledge that even the payment of $31,000 at that time would not help Shaler; that the project would fail in any event, and that Universal would then be in position to insist on its bonus.

In *Liberty National Bank of Pittston v. Degillio,* 406 Pa. 127, 129, 176 A. 2d 446 (1962), Mr. Justice EAGEN said: "To open a judgment, the petitioner must aver a valid defense and also establish the existence of equitable considerations which impress the court with the need for relief." Also, *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections,* 386 Pa. 50, 53, 123 A. 2d 406 (1956).

A petition to open judgment regularly and formally entered in a court of law is an appeal to the equitable powers of the court where the judge sits as chancellor. He is the trier of the facts and he is invested with a wide discretion in the consideration of conflicting evidence and the determination of the correct conclusions to be reached therefrom. Consequently, the chancellor's disposition thereof should not be disturbed on appeal unless clear abuse of discretion is shown. *Brown v. McClure Newspaper Syndicate,* 183 Pa. Superior Ct. 316, 130 A. 2d 721 (1957); *Gagnon v. Speback,* 383 Pa. 359, 362, 118 A. 2d 744 (1955); *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171 (1957).

In *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Company,* 373 Pa. 105, 117, 95 A. 2d 664 (1952), Mr. Justice BELL (now Chief Justice) speaking for the Court said: "The principles of law applica-

ble to petitions to open judgment are equally applicable to a petition to vacate a decree and the grant or refusal of such a petition is within the discretion of the Court below and its decision will not be reversed except where there is a manifest abuse of discretion."

We are satisfied from the entire record there was not an abuse of discretion in opening this judgment by the lower court.

Order affirmed.