## Langan v. Degillio, Appellant.

Argued April 19, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

rear-gument refused July 2, 1963.

*Nicholas R. Degillio,* for appellants.

*J. Earl Langan,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 4, 1963:

On July 24, 1956, Nicholas R. Degillio and Victoria O. Degillio, his wife, the appellants, executed and delivered to the First National Bank of Wilkes-Barre, their bond and warrant in the penal sum of $50,000 to secure the payment of a mortgage in the amount of $25,000 secured on their improved premises in Wilkes-Barre. The First National Bank of Wilkes-Barre and the Second National Bank of Wilkes-Barre thereafter merged, and the mortgage, with accompanying bond and warrant, became the property of the Second National Bank, the surviving institution in said merger.

On July 18, 1961, the Second National Bank entered judgment on appellants' bond by reason of their default in making the payments called for therein. This judgment was thereafter assigned to Liberty National Bank of Pittston which caused a writ of execution to issue. Thereupon, appellants filed a petition for a rule on the Liberty National to show cause why the judgment should not be opened. The Court of Common Pleas of Luzerne County, finding no merit in the petition, entered an Order dismissing the petition for the rule. That Order was affirmed by this Court on January 2, 1962 (406 Pa. 127, 176 A. 2d 446).

On February 23, 1962, the plaintiff-appellee purchased the premises at Sheriff's Sale and on March 13, 1962, the Sheriff's deed to him was duly recorded. When the appellants refused to surrender possession of the mortgaged premises the plaintiff instituted the instant

Action to Quiet. Title. Appellants, who, throughout this action have been represented by Nicholas R. Degillio, (the husband-appellant), filed preliminary objections to the Complaint. Plaintiff was given leave to amend and did so; whereupon the preliminary objections were dismissed and appellants directed to file an Answer. Appellants, instead of filing an Answer, filed a second set of Preliminary Objections which, after argument, were dismissed.

On July 2, 1962, appellants filed an Answer containing New Matter, such New Matter consisting substantially of the averments which this Court, in its decision in 406 Pa. 127, 176 A. 2d 446, had decided were insufficient to require the opening of the Judgment. Appellee filed a Reply to the New Matter and a motion for Judgment on the Pleadings.

At the time fixed for argument on appellee's motion for judgment, appellants presented additional Preliminary Objections and stated that they desired to file additional pleadings. The Court then announced that all additional pleadings should be filed not later than July 27, 1962, at which time it would hear final arguments on all matters raised in the pleadings. On that day the Court heard arguments on all the pleadings in the case, including additional pleadings which had been filed by appellants. Attorney Degillio participated in such arguments.

Before that Court could enter its decision, appellants requested a change of venue or the assignment of an outside Judge to hear the case. President Judge ABRAHAM H. LIPEZ, of the 25th Judicial District, was appointed for the purpose of hearing appellants' application for a change of venue. Judge LIPEZ held a hearing on August 27, 1962. Attorney Degillio was present at that hearing but offered no evidence in support of appellants' petition for a change of venue. Appellants' petition was dismissed by Judge LIPEZ.

The Court en banc, on October 11, 1962, dismissed all of appellants' preliminary objections to appellee's Reply to New Matter and entered an Order which granted to plaintiff (appellee) judgment on the pleadings. In the aforesaid Order the defendants were ordered to vacate the premises within 15 days from the date of service of a certified copy of the Order.

We have carefully examined the record and find no merit in any of the contentions made by appellants.

Order affirmed; costs to be paid by appellants.