Nadolny, Appellant, *v.* Scoratow.

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and ROBERTS, JJ.

*Reuben Fingold,* with him *Fingold & Fingold,* for appellants.

*Allen S. Gordon,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 12, 1963:
The parties to this appeal entered into an agreement whereby appellants leased certain premises to appellee for a term extending from July 1, 1960 to April 30, 1961. The premises which consisted of a two-story building were used by appellee for the storage of pre-cast stone. In December 1960, the second floor of the building buckled because it was unable to support the weight of the stored material.[1] As a result, appellee abandoned the premises in January 1961. Thereupon, in accordance with the lease agreement, an amicable confession of judgment was entered in favor of appellants in the amount of $11,261.06. In addition to unpaid rents, this amount included the sum of $10,-201, the alleged damage to the second floor caused by appellee's overloading of the building in violation of his covenant to maintain the premises in good order and to surrender them in the same condition as when they were leased. Appellee's petition to open judgment

---

[1] The evidence below indicated that the second floor was designed to hold 50 pounds per square foot live load while the stored material weighed 250 pounds per square foot.

was granted by the court below and this appeal followed.

In his petition to open judgment, appellee alleged that (1) the damage to the premises was due to appellants' misrepresentation that the second floor could support the weight of the pre-cast stone; (2) said misrepresentation also entitled appellee to rescind the lease and avoid liability for the remaining unpaid rent; and (3) even if he were liable for the damage to the premises, the cost of repairing the second floor was considerably less than $10,201.

At the hearing below, appellee offered depositions in support of these allegations. The depositions indicated that Robert Nadolny, appellants' son, had acted as agent for appellants in the negotiation of the lease; that said agent, upon being informed as to the weight of the pre-cast stone, had represented that the premises could support this load; and that the appellee was unable to determine by visual observation the true load-capacity of the premises. Appellee also introduced depositions to support his claim as to the cost of repairing the building. Appellants offered no evidence in rebuttal.

In asking us to reverse the order below, appellants set forth four contentions: (1) the parol evidence rule prevents the introduction of evidence regarding the alleged misrepresentation; (2) even if this evidence is admissible, appellee failed to show either the agency of Robert Nadolny or that he made such a representation; (3) even if appellee had the right to rescind the contract and avoid liability for rent, he waived this right by not promptly disaffirming the lease; and (4) appellee's evidence was insufficient to show that the damage to the premises was less than the amount confessed. After reviewing these contentions, we hold that the court below properly opened the judgment to let in appellee's defenses.

Our scope of review of an appeal from an order either granting or denying a petition to open judgment is limited to determining whether the court below abused its discretion. *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 409 Pa. 334, 186 A. 2d 30 (1962); *Berger v. Pittsburgh Auto Equipment Company,* 387 Pa. 61, 127 A. 2d 334 (1956). Where the petition to open judgment is granted no abuse of discretion will be found if, upon submission of petitioner's defenses to a jury, a verdict in his favor could be upheld. See *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171 (1957).

Turning to appellants' contentions, we find that the first two of these are answered by our decision in *Berger v. Pittsburgh Auto Equipment Company,* supra. In that case, as in the instant one, a lessee petitioned to open a confessed judgment for unpaid rent on the ground that the lessor's misrepresentation as to the load-capacity of the demised premises induced him to enter into the lease. In affirming the grant of the petition we held, contrary to appellants' position here, that the parol evidence rule was not violated by the introduction of evidence concerning the misrepresentation, and that the misrepresentation, if proven, permitted the disaffirmance of the agreement.[2] See also *Highmont Music Corp. v. J. M. Hoffmann Co.,* 397 Pa. 345, 155 A. 2d 363 (1959).

In accordance with this decision, the court below properly determined that the alleged misrepresentation constituted a defense to appellants' claim for unpaid rent and for damages to the premises. With regard to the factual questions of whether the alleged misrepresentation was made and whether Robert Na-

---

[2] *Berger* was concerned only with the lessor's claim for unpaid rent. In the instant case, the alleged misrepresentation would, in addition, make the lessor, and not the lessee, responsible for the damage to the premises.

dolny was the agent of appellants in making it, we hold that the court below did not abuse its discretion in deciding that there was sufficient evidence to submit these questions to a jury.

We turn next to appellants' contention that appellee waived his right to rescind the lease.[3] In this connection, appellants point to the fact that although the second floor buckled in December, appellee paid the rent for January and did not abandon the premises until sometime in January. Appellee explains his delay in vacating by setting forth the problems involved in removing the pre-cast stone from the premises. It is true that a tenant who wishes to disaffirm a lease must do so with reasonable promptness. See *Berger v. Pittsburgh Auto Equipment Company,* supra. In the present state of the record, however, we conclude that the court below did not abuse its discretion in deciding that the question of rescission was for a jury's determination.[4]

Appellants' final contention concerns the amount of damage done to the premises. On this issue, appellee introduced the depositions of a building contractor

---

[3] Although not clearly set forth in the briefs, the question of waiver would seem to be relevant only to appellee's claim that he is not liable for the unpaid rent, and would not be pertinent to the question of who is responsible for the damage to the building.

[4] A lessee who is induced to enter into the lease by the misrepresentation of the lessor may, at his election, either disaffirm the lease and avoid his obligations under it, or affirm the lease and sue for damages. See *Highmont Music Corp. v. J. M. Hoffmann Co.,* supra. Appellee asserts that as a result of appellants' misrepresentation he incurred expenses in removing the materials from the premises and also lost the use of the premises for the remaining portion of the lease. Hence he argues in the alternative that even if he did fail to disaffirm the contract, he can assert his damages as a counterclaim to appellants' claim for unpaid rent. However, since a counterclaim or set-off cannot be asserted as a ground for opening a confessed judgment, appellee is precluded in this proceeding from making his alternative contention.

and a registered architect to show that the cost of repairing the building was considerably less than the amount confessed. The question of damages, of course, will only be relevant if appellee fails to convince the jury of the alleged misrepresentation. If this issue is reached, however, we agree with the court below that appellee produced sufficient evidence to open the judgment on this matter and submit the question of damages to a jury.

Accordingly, the order entered below opening the judgment is affirmed.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.