Equitable Credit and Discount Company, Appellant, *v.* Moreno.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*S. Frank Laveson,* for appellant.

*Stanton Dubin,* with him *Greenberg, Poserina and Sagot,* for appellees.

OPINION BY WRIGHT, J., September 17, 1964:

We are here concerned with an appeal by Equitable Credit and Discount Company, hereinafter referred

to as Equitable, from an order of the County Court of Philadelphia making absolute a rule to open a judgment entered by confession on a note. This type of proceeding is equitable in nature, and we will reverse the determination of the court below only for clear and manifest abuse of discretion: *Better Living, Inc., v. Filosa,* 199 Pa. Superior Ct. 110, 184 A. 2d 314.

The note in question is payable in weekly instalments to Marvel Motors and was endorsed without recourse to Equitable. In their petition to open, the makers of the note aver that it arose out of the purchase by their minor son of a used automobile, that they are of Puerto Rican descent, cannot read English, and relied upon representations by an employe of Marvel Motors that their signatures would not in any way encumber or place a lien upon their real estate, but were necessary only because of their son's age. An answer was filed by Equitable denying the allegations in the petition and averring that the automobile was purchased by the parents, and not by the son.

The deposition of Armando Moreno was taken on behalf of the petitioners. The depositions of its vice president and of the general manager of Marvel Motors were taken on behalf of Equitable. In connection with the taking of these depositions, counsel stipulated "that reading, signing, sealing, filing and certification are hereby waived". Although the docket entries disclose that the deposition of Armando Moreno was not filed of record until after the judgment was opened, we cannot accept Equitable's contention that this deposition was not actually before the court. In fact, the opinion below expressly states that depositions were taken by both parties.

The court below took the position that the note was part of a transaction involving the instalment

sale of a motor vehicle, and was therefore governed by the Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, 69 P.S. 601 et seq. Concluding that the note was a negotiable instrument, the court reasoned that there was a violation of Section 15G of the statute (69 P.S. 615G). This issue was not raised by the pleadings, and we deem it unnecessary to pass upon it. See 7 Standard Pennsylvania Practice 138.

Our review of the record has convinced us that, although the depositions were conflicting, the court below was warranted in concluding that the makers, Puerto Ricans who did not read English, were overreached and induced by misrepresentation to sign the note in question. If this be true, a valid defense exists and the judgment was properly opened: *Rambo B. & L. Association v. Dragone,* 311 Pa. 422, 166 A. 888. See also *Nadolny v. Scoratow,* 412 Pa. 488, 195 A. 2d 87. We perceive no abuse of discretion.

Order affirmed.