Balobeck, Appellant, *v.* Penthouse Club, Inc.

Argued November 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Edward P. Good,* with him *Kountz, Fry & Meyer,* for appellant.

*Ralph D. Tive,* for appellee.

OPINION BY WRIGHT, J., December 16, 1964:

We are here concerned with an appeal by Joseph J. Balobeck, Jr., from an order of the Court of Common Pleas of Allegheny County making absolute a rule to open a judgment entered by confession on a note. This type of proceeding is equitable in nature, and we will reverse the determination of the court below only for clear and manifest abuse of discretion: *Equitable Credit & Discount Co. v. Moreno,* 204 Pa. Superior Ct. 111, 203 A. 2d 331.

The note in question is dated July 9, 1962, in amount of $2,600.00 payable ninety days after date. When judgment was entered on this note the maker appeared as follows: "Penthouse Club, Inc. By W. G. Kranich, President, Attest Burton Greenberg, Secretary". The petition to open alleges that the note was intended to be the personal obligation of William G. Kranich, that the petitioner corporation is in nowise indebted to the judgment plaintiff, that there is no corporate authorization for the execution of the note, that the words "Penthouse Club, Inc." did not appear on the note at the time of its execution, and that the signature purporting to be that of Burton Greenberg is a forgery. Appellant's answer to the petition alleges that the corporation "is indebted to him", that the note was intended to be the obligation of the corporation, that it was signed by William Kranich and Burton Greenberg in their respective representative capacities as president and secretary of the corporation, and the corporate seal affixed thereto. The answer admits that the corporate name was entered on the note after execution, also the words "By", "President", "Attest", and "Secretary". Depositions were taken on five separate dates. The situation thereby revealed, with pertinent discussion, is set forth in the opinion of Honorable J. FRANK McKENNA, JR. for the court en banc as follows:

"Plaintiff is by profession a registered architect. He resides in Coraopolis, Allegheny County, Pennsylvania. On April 28, 1962 he entered into an agreement with Penthouse Club, Inc. by the terms of which he agreed to render architectural services for the corporation. Penthouse had decided to redesign and renovate a motel called 'Motor Inn' in Pennsauken, New Jersey, and plaintiff's services were to be performed in connection with this project. The contract requires Penthouse to pay to plaintiff a fee of 8 percent of the cost of the remodeling for his architectural services. The agreement was drawn up on a standard form recommended by the American Institute of Architects.

"The remodeling was never completed although plaintiff and his employees did render services in preparing plans for it. Control of Penthouse Club, Inc. has passed to persons other than those who dealt with plaintiff.

"On July 9, 1962, and prior thereto, W. G. Kranich, Jr. was president of Penthouse and Burton Greenberg was its secretary. At that time it was in default to plaintiff for payments due under the contract of April 28, 1962. Mr. Balobeck, accompanied by a friend of his, one Gerald L. Kline, went to the Motor Inn at Pennsauken, N. J., to see Mr. Kranich about the money owed. They had an interview at which there were present Mr. Kranich, Mr. Balobeck, Mr. Kline, a Mr. George Umancy, and a fifth party identified only as 'Bob'. There are several versions of the events which transpired at the meeting. There is no dispute but that the note in question was there produced and was signed by Mr. Kranich. Beyond this fact, however, there is a divergence in the testimony. Mr. Kranich said that he delivered the note then and there to plaintiff, that his was the only signature thereon, that the designations, 'President' and 'Secretary' were not on the instrument at the time and that it was delivered and accepted as his own personal obligation . . .

"The amount of the obligation, $2,600.00, is not based on sums expended by the corporation on the remodeling. It was a sum agreed upon between the parties to compensate plaintiff, at least in part, for his services and expenses in doing the preliminary work on the project.

"Plaintiff's testimony about the meeting above referred to differs from that of Mr. Kranich. He said that Kranich signed the note in his presence but did not then deliver it. He retained possession in order to complete it by securing the signature thereon of the secretary, Burton Greenberg. Mr. Balobeck said that about five days later he received the note in the mail. A signature purporting to be that of Greenberg was then on it, but there were still blanks which Balobeck filled in . . .

"The signature of the secretary, Burton Greenberg, was not made by him. He, himself, so testified and there is no contrary evidence . . . Thus it seems entirely clear that Greenberg's signature to the note was forged.

"It is plaintiff's position that the corporation owed him the money and that it authorized the placement of the secretary's signature on the note, and that it also approved the filling in of blanks by plaintiff. We cannot adopt this position. The forgery of Greenberg's signature is in and of itself sufficient to justify our opening the judgment. The corporation certainly never authorized this unusual procedure.

"The only testimony to the effect that it was intended that the obligation was to be that of the corporation is that of plaintiff and Mr. Kline.

"The following testimony of Mr. Kranich rings true. He said that at the time of the meeting in July of 1962, he and others connected with the redesigning of Motor Inn were confident it [would] be successful and that plaintiff would be paid his percentage of the cost of the work. Mr. Balobeck called on him with a

demand for some payment, at least to cover his expenses, or in lieu thereof, for a cognovit note. Mr. Kranich delivered the instrument in question to satisfy him in the confident belief that eventually Balobeck would be paid his full fee. The contract of April 28, 1962 sets this at 8 percent, but there is testimony to the effect that the percentage may have been reduced from that figure. At any rate the fee would have been in excess of $2,600.00. If the renovation of the motel had proceeded as expected, and had plaintiff been paid his fee, the matter of the note would have been moot".

After carefully examining this voluminous original record, we agree with the court below that there is ample evidence to support a finding that the note on which judgment was entered is not the obligation of the corporation. A question is thus raised which should be determined by a jury. It follows that the judgment was properly opened, and we perceive no abuse of discretion.

Order affirmed.