## Stark, Appellant, *v.* Breen.

Argued March 17, 1969.  Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Frank R. Sack,* for appellant.

*Donald P. Minahan,* for appellees.

OPINION BY MR. JUSTICE POMEROY, June 27, 1969:
This is an appeal from an order of the lower court making absolute a rule granted on the plaintiff to show

cause why a judgment entered in her favor against the defendants should not be opened.

Plaintiff, the appellant here, was mortgagee of certain real estate in Pittsburgh which she had sold to defendants. As part of the consideration for the sale, the defendants gave their bond in the amount of $48,-000, and purchase money mortgage to secure the same. At the time of taking judgment the debt had been reduced to $38,000.

The bond was conditioned not only on the payment of the balance of the purchase price in certain installments, with interest, but also on the payment of "all premiums and charges for such insurance on the buildings upon the land described in the accompanying mortgage as shall from time to time be taken out by the said obligee, her heirs or assigns, to better secure the said debt and interest." The bond further provided for acceleration of all sums evidenced by it, together with attorneys' commission of 10%, in the event of any default which remained uncured for 60 days. The judgment in question was obtained by confession on January 2, 1968, in the amount of $43,184.30, itemized as follows:

| | |
|---|---:|
| Real debt | $38,000.00 |
| Insurance premiums on buildings | 141.00 |
| Interest on $38,000 from July 7, 1967 to Jan. 2, 1968 | 1,114.64 |
| Interest on $141 from Sept. 2, 1967 to Jan. 2, 1968 | 2.82 |
| Attorneys' commission— 10% | 3,925.84 |
| Total | $43,184.30 |

The default alleged in the plaintiff's statement accompanying the confession was the failure of the defendants to pay to plaintiff the sum of $141, which plaintiff "was required to and did pay . . . for insurance required to be taken out by plaintiff on the buildings upon the land described in the accompanying mortgage." The statement further alleged demand for reimbursement for said sum and nonpayment thereof for more than 60 days.

Defendants promptly petitioned to open the judgment, asserting that they, as mortgagors, had taken out fire insurance on the premises sufficient to secure the obligation of the bond, that this insurance was written by Conemaugh Valley Mutual Insurance Company, and that the mortgagee was a named insured under the policy and had received a certificate evidencing the insurance. The petition to open claimed that the plaintiff's demand for the payment of additional insurance premiums with respect to the insurance taken out by the plaintiff was unreasonable, and that their nonpayment of this additional premium did not constitute a default. A rule to show cause why the judgment should not be opened and the defendants permitted to interpose a defense was issued by the lower court, execution to stay meanwhile. The plaintiff, in her answer, asserted that the policy obtained by the mortgagors contained a number of errors and that, by reason of their failure "to secure satisfactory insurance by a properly written policy, she did secure and obtain insurance in stock companies to properly protect her interest in the mortgaged premises", and asserted that she acted in accordance with the terms of the bond in demanding reimbursement. Depositions were taken, and following oral argument, the lower court made absolute the rule granted on the plaintiff-mortgagee. From this the

24

mortgagee appealed to this Court. While the jurisdictional statement is silent on the point, the appeal is proper under the Act of May 20, 1891, P. L. 101, §1, 12 P.S. 1100.

In reviewing the propriety of the action of a court in opening a judgment by confession, this Court examines the record merely to determine whether the court below exercised its discretion properly or clearly abused it. *Universal Builders Supply, Inc. v. Shaler Highlands Corporation*, 409 Pa. 334, 337, 186 A. 2d 30. (1962). In that case we said, at page 337: "A petition to open judgment regularly and formally entered in a court of law is an appeal to the equitable powers of the court where the judge sits as chancellor. He is the trier of the facts and he is invested with a wide discretion in the consideration of conflicting evidence and the determination of the correct conclusions to be reached therefrom. Consequently, the chancellor's disposition thereof should not be disturbed on appeal unless clear abuse of discretion is shown." See also *Nadolny v. Scoratow*, 412 Pa. 488, 491, 195 A. 2d 87 (1963); *Liberty National Bank of Pittston v. Degillio*, 406 Pa. 127, 129, 176 A. 2d 446 (1962).

In support of the judgment, the appellant points to the language of the bond, above quoted, and takes the position that as obligee she has the sole right to determine the type and amount of insurance which shall be taken out for her protection, and that the mortgagor has no choice but to pay any premium bills submitted. Reliance is placed on the fact that the defendants were given fair warning by a letter from the attorney for appellant of the taking out of the additional insurance for the reason that the Conemaugh Valley Mutual policy was "not considered to be as good coverage as can and has been obtained by Mrs. Stark with 'stock companies'". This letter also

returned the Conemaugh Valley certificates of insurance for cancellation or other disposition by the defendants. The appellees, for their part, state that a proper construction of the bond is that there is no default as long as insurance exists which is legally sufficient to protect the interest of the plaintiff, and that the appellant in insisting on "stock companies" was being unreasonable, capricious and arbitrary. The lower court pinpointed the problem as one of proper construction of the language of the bond, and concluded that it did not confer upon the appellant the unlimited and unfettered right which she claimed to purchase insurance and charge the defendants for it.

Without prejudging the case, in which the issues have yet to be formally defined by a defensive answer and hearing is still to be had, it appears to us that the appellees may well have a meritorious defense. The mere idea that the mortgagors here, after paying $10,000 on the mortgage debt, could lose their equity and be obliged to pay almost $4,000 in attorneys' fees in foreclosure because they declined to pay their mortgagee $141 for insurance premiums that they believed in good faith to be unnecessary and not called for by the mortgage bond, is sufficiently repulsive to have warranted the action of the trial court. That court's determination to open the judgment and let the appellees into a defense was well within the range of its equitable discretion.

Order affirmed.

Mr. Justice EAGEN took no part in the consideration or decision of this case.