Yellow Cab Company of Philadelphia, Appellant,
*v.* Carpol Realty Co., Inc.

Argued December 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Bernard J. Smolens,* with him *Michael Sklaroff,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*Oscar Spivack,* for appellee.

OPINION BY JACOBS, J., March 24, 1972:

In this case a confessed judgment was opened by the court below. Plaintiff in the judgment appeals. We affirm.

Both parties are corporations. Appellant held appellee's judgment note in the principal amount of $52,500.00. The note called for monthly payments of $582.87 over a ten-year period. The note required monthly payments to be made on the first of each month and provided for acceleration of the principal and the entry of judgment at the option of appellant should any installment remain unpaid for ten days.

The installment due January 1, 1970, was not paid by January 10th. By letter dated January 15, 1970, appellant demanded payment of the principal balance of $39,514.51 by January 26, 1970. Appellee tendered its check dated January 22 for the January installment which was refused by appellant. Over the next several months unsuccessful efforts were made to settle the matter and on April 14, 1970, appellant confessed judgment against appellee for $39,514.51 plus attorney's commission and interest.

The lower court found that appellee had made thirty-seven consecutive monthly payments prior to January 1970. The court also found that appellant had accepted four late payments, to wit, the payments due on December 1, 1968, June 1, 1969, August 1, 1969, and December 1, 1969. On the basis of these facts the court concluded that the equities were with appellee and that appellee had averred a meritorious defense, the defense being that appellant had waived the right to declare a default for failure to pay by the 10th of the month unless and until prior notice or intent to do so was given.

A petition to open judgment is an appeal to the equitable powers of the court. The judge sits as a chancellor with wide discretion in the consideration of conflicting evidence and the determination of the correct conclusion to be reached therefrom. *Universal Builders Supply, Inc. v. Shaler Highlands Corp.,* 409 Pa. 334, 186 A.2d 30 (1962). On appeal from the opening of a judgment by confession the court below should not be reversed unless a clear abuse of discretion is shown, *Stark v. Breen,* 435 Pa. 20, 255 A.2d 115 (1969); *Balobeck v. Penthouse Club, Inc.,* 204 Pa. Superior Ct. 496, 205 A.2d 675 (1964), or the lower court has made an error of law. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967).

The tenor of appellant's argument is that appellee did not meet its burden of showing both a valid defense and some equitable grounds for relief. Particularly the appellant argues that there was no evidence of a waiver of the right to accelerate payment and enter judgment for failure to pay the installment by the tenth of the month.

The lower court had before it the petition to open, the answer to the petition, and the deposition of appellee's president and appellant's vice-president. In its petition appellee alleged that all installments were paid for a period of three years and all were accepted by appellant, including those which were late, until the payment tendered January 22, 1970, was refused. Appellant admitted accepting four late payments, but averred they were made only after demand. When the August 1969 payment was late appellant sent appellee a letter dated August 20 pointing out the failure to pay on time. The letter then stated, "These payments are due on the first of each month. When they are not paid by the 10th of the month, the balance of the debt shall become due and payable immediately. If we do not receive this payment on or before Wednesday, August 27, 1969, we shall have to institute legal collection procedures." When the December 1969 installment was late a letter dated December 18, 1969, was sent appellee by appellant. Except for dates, this letter was the same as the letter of August 20th and demanded payment by December 24, 1969. Appellee's president testified that he always understood that payments made during the month due were acceptable to appellant. He said, "They have always found it acceptable. They always took the check and always cashed it." He further stated that he had no reason to believe that a payment made during the month in which it was due would be rejected and a default declared.

It is true, as argued by appellant, that there must be both equitable grounds for relief and a meritorious defense. *Universal Builders Supply, Inc. v. Shaler Highlands Corp.,* supra. However, in this case the alleged waiver contains elements of both. If there was a waiver, equity dictates that the appellee be allowed to continue its purchase of the building on the installment plan. The waiver could also be a defense to the entry of judgment.

Appellee's position rests on the doctrine of implied waiver. Appellant points out that the burden of showing implied waiver before the lower court was on the appellee, citing *Steinman v. LaCharty Hotels Co.,* 355 Pa. 444, 50 A.2d 297 (1947). Appellant also points out that the doctrine of implied waiver in Pennsylvania applies only to situations involving circumstances equivalent to an estoppel, and the person claiming the waiver must show that he was misled and prejudiced thereby. *Brown v. Pittsburgh,* 409 Pa. 357, 186 A.2d 399 (1962). These are correct propositions of law, but they are not dispositive of the present case. Appellant overlooks the fact that appellee did not have to prove its case conclusively. All it had to do was produce such evidence as would persuade the court that, upon submission of the issue to a jury, a verdict in its favor could be upheld. *Ahrens v. Goldstein,* 376 Pa. 114, 102 A.2d 164 (1954). In this case appellee produced such evidence.

Appellant accepted four late payments, one in the month preceding the one in which forfeiture was exacted. In two of the four months appellant specified deadline dates by which the late payments had to be forthcoming, and in both cases the payments were made and accepted prior to the specified dates. Overall, the course of conduct between the parties spread over three years. In the chancellor's opinion the fact that

payments had been made monthly throughout the three years, reducing the principal by $13,000, was an equity in favor of appellee. Additionally, the course of conduct was one on which appellee's president said he relied and concluded that a payment made within the month due would be accepted. While another chancellor might have found otherwise, and when the matter is submitted to a jury the jury may find otherwise, the chancellor in this case was persuaded that a verdict for appellee could be upheld. Weight of evidence and credibility were for the chancellor and there was evidence from which he could arrive at his conclusion.

The lower court did not abuse its discretion nor make an error of law. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Mielcuszny v. Rosol*, 317 Pa. 91, 93, 176 A. 236, 237 (1934).

One more point remains to be mentioned. Appellant argues that, even assuming there was sufficient evidence of waiver to open judgment, under the terms of the note appellee waived its right to assert a waiver. Appellant quotes the following clause contained in the note: "The Maker . . . consent [sic] that the holder hereof may extend the time of payment or otherwise modify the terms of payment of any part or the whole of the debt evidenced by this note, at the request of THE CORPORATION liable hereon, and such consent shall not alter nor diminish the liability."

Appellant contends that the late payments in August and December 1969 were requests by appellee that the time of payment be extended. We cannot agree with this contention since both payments were made in

response to letters of demand sent by appellant and not as affirmative requests for an extension of time. Nor do we think the words "shall not alter nor diminish the liability" refer to anything other than the overall liability on the note. Our interpretation is strengthened by the well-established rule that a power of attorney to confess judgment will be construed strictly against the party in whose favor it is given. *Dozor v. Crown Construction Co.*, 384 Pa. 49, 119 A.2d 246 (1956).

Order affirmed.