**Edith P. GOODWIN, Appellee,**

v.

**HARTFORD LIFE INSURANCE COMPANY, Appellant.**

**No. 73-1645.**

United States Court of Appeals, Third Circuit.

Argued Dec. 11, 1973.

Decided Jan. 14, 1974.

------◆------

Stephen J. Laidhold, James K. O'Malley, Morris, Safier & Makoroff, Pittsburgh, Pa., for appellee.

Edward L. Springer, Joseph Friedman, Springer & Perry, Pittsburgh, Pa., for appellant.

Before HASTIE, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This is a diversity action, in which the plaintiff-appellee has sued the appellant-insurance company to recover as the beneficiary of her deceased husband who was allegedly covered by a group life insurance policy issued to the Ever-Soft Company of Pennsylvania as policyholder. Pennsylvania law is applicable.

The district court found that the deceased husband, though enrolled under the policy, was never eligible for coverage. This conclusion was based on the fact that eligibility under the policy was limited to "active full-time employees" of the Ever-Soft Company and this, in turn, was defined under the contract to include only those people who were employed "the normal work week, but in no event less than 30 hours per week." The court found that the deceased husband never put in the required number of hours with the Company and was therefore never qualified for coverage. However, despite this finding, the district court went on to conclude that the plaintiff could still recover the face amount of the policy ($25,000.00) since it felt that the insurance company was estopped from invoking the decedent's inadequate employment status as a defense to liability.

In this appeal, the insurance company contends that equitable estoppel should not have been invoked against it and that therefore recovery by the plaintiff was improper. The plaintiff-appellee makes no objection to the finding that her deceased husband was ineligible for coverage. Her only contention is that the district court was correct in barring the appellant's use of this defense. We find that all of the elements needed for an equitable estoppel are not present in this case. As a result, the appellant's meritorious defense can operate and we must reverse the decision of the district court.

█ The appellant argues that the claim to an equitable estoppel by the appellee is defective in several respects.[1] While we believe that a number of these contentions are strong, there is no need to discuss each of them since the absence of sufficient proof of any one of the required elements must dictate a decision in favor of the appellant.

█ Under the law of Pennsylvania, one necessary element of an equitable estoppel is a finding that the party seeking to invoke it has established, by a

---

[1]. We note that the briefs of the parties and the cases they cite seem to refer to the doctrine applied as "equitable estoppel" or "waiver" as though those two concepts were completely interchangeable. This is somewhat troubling, since the concepts, though related, are not identical. *See* 14 P.L.E. Estoppel § 28 (1959).

However, in this case, there is no suggestion that the waiver was express, so that if a waiver is present, it would have to be an implied waiver. Under Pennsylvania law an implied waiver exists only when the elements of an estoppel are present. Brown v. Pittsburgh, 409 Pa. 357, 360–361, 186 A.2d 399 (1962); Yellow Cab Co. v. Carpol Realty Co., 221 Pa.Super. 132, 136, 289 A.2d 241 (1972). Therefore, in the circumstances of this case, the two doctrines have precisely the same requirements.

preponderance of the evidence,[2] that he relied in *good faith* upon the position assumed by the opposite party. Nesbitt v. Erie Coach Co., 416 Pa. 89, 95–96, 204 A.2d 473 (1964). Stated otherwise, "the party claiming the estoppel . . . [must establish a] . . . lack of knowledge and of the means of knowledge of the truth as to the facts in question." Watt Estate, 409 Pa. 44, 65–66, 185 A.2d 781, 792 (1962).

■■ In the case before us, the district court refused to find that the appellee had established her deceased husband's "good faith" despite the fact that the absence of this finding was specifically brought to the court's attention by the appellant's "Motion to Alter, Amend, Reconsider or Vacate Judgment." When squarely faced with this omission, the district court found not that good faith was established by the appellee, but only that bad faith was not established by the appellant. Since the burden of proof on this issue is upon the appellee, as the party relying on the estoppel, this finding is insufficient since it in no way suggests that a preponderance of the evidence presented supports a finding of good faith.[3]

■ We respect the district court's reluctance to find "good faith" on the facts of this case, for this is not a situation in which an unsuspecting layman was led to believe that he met the eligibility requirements for a policy of insurance. Indeed, if such a finding had been made, we feel that it would have been clearly erroneous. The appellee's deceased husband, in addition to being a self-employed accountant doing tax and pension consulting work, was qualified by examination of the Pennsylvania Insurance Department to write both individual and group life insurance. As a result there is no serious question as to his ability to understand the eligibility requirements attached to the policy in question.

In addition, the evidence establishes that he served as controller of the Ever-Soft Company for several years, and that at the time he "enrolled" under the policy he was managing the company while the president recuperated from a heart attack.[4] Thus, his ready access to information on the eligibility requirements—including full-time employment status—cannot seriously be questioned either.

Given these facts, we feel compelled to conclude that good faith is not established since, under the language of *Watt Estate,* the appellee's deceased husband clearly had, at a minimum, "the means of knowledge of the truth as to the facts in question" 409 Pa. at 65–66, 185 A.2d at 792. Inasmuch as the appellee failed to establish the requisite good faith, an equitable estoppel cannot act to bar the appellant's reliance on a defense found to be otherwise meritorious by the district court.

The judgment of the district court will be reversed with instructions to enter judgment for the defendant.

2. *See* Albert v. Lehigh Coal and Navigation Co., 431 Pa. 600, 615, 246 A.2d 840 (1968).

3. At oral argument the appellee's attorney suggested that the district court "found" good faith in a paragraph contained in footnote 2 of its Supplementary Opinion and Order where the court pointed to several pieces of evidence as "indicative of good faith." We do not believe this can be considered a proper finding, nor do we believe it was intended as such. The paragraph does not purport to weigh all the evidence on the question of good faith in order to draw an overall conclusion. Instead, it only seeks to recapitulate several items of evidence favorable to the appellee.

4. We note, once again, that despite the highly responsible nature of these positions, the appellee does not dispute the finding that her deceased husband worked less than the required thirty hours per week.