## Discrimination by Insurance Licensees

KANE, *Attorney General,* November 12, 1975—A question has arisen regarding whether the Pennsylvania Insurance Department can refuse to issue or renew licenses to, and revoke or suspend licenses of licensees who discriminate on the basis of race, color, religious creed, sex or national origin in their employment policies. The department has also asked whether it can adopt a regulation prohibiting discrimination by its licensees and setting forth the penalties for violations of such a regulation. It is our opinion, and you are hereby advised, that the answer to both these questions is yes.

The public interest has long included the prevention of arbitrary and invidious discrimination in employment practices on the basis of race, color, religious creed, national origin or sex. Thus, both the Federal and State legislatures have enacted

laws to prohibit employment discrimination: 42 USC §2000e, 78 Stat. 253, as amended, and Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§951, et seq. The Commonwealth's policy regarding employment discrimination was clearly enunciated by the Pennsylvania Legislature in enacting the Human Relations Act. "The opportunity for an individual to obtain employment for which he [or she] is qualified . . . without discrimination because of race, color, religious creed, ancestry, age or national origin [is] hereby recognized as and declared to be [a] civil right . . .": 43 P.S. §953.

The law regulating insurance companies should be liberally construed to effect the object of protecting the public interest: Goodwin v. Hartford Life Insurance Company, 359 F. Supp. 20 (W.D. Pa. 1973), reversed on other grounds, 491 F. 2d 332 (3d Cir., 1974). Since the prevention of arbitrary employment discrimination is within the public interest, it is clear that construing The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, 40 P.S. §§361, et seq., to impose a condition upon insurance companies doing business in the Commonwealth of nondiscrimination in employment is an appropriate method of protecting the public interest.*

*On the basis of similar reasoning, the Pennsylvania Liquor Control Board was advised by the Attorney General that it can refuse to issue or renew licenses to, and revoke or suspend licenses of, licensees who discriminate on the basis of race, color, religious creed, sex or national origin in their employment policies. In addition, the board was advised that it can adopt a regulation prohibiting discrimination by its licensees and setting forth the penalties for violations of such a regulation and of provisions of the Human Relations Act. Opinions of the Attorney General, No. 55, November 12, 1974, in Volume 4, no. 51.

In April of 1974, the Attorney General advised the Insurance Commissioner that:

". . . the Commissioner must apply and follow the law of the Commonwealth in approving insurance contracts. This necessarily includes pertinent common law and equity principles as well as constitutional and statutory provisions. The Commissioner thus has quasi-judicial power in determining whether a proposed policy contract violates any law or principle of equity . . .

". . . The above analysis indicates that it would certainly be an abuse of discretion for [the Commissioner] to approve contracts containing terms that the Supreme Court has held to be unfair and unenforceable as against public policy.": Opinions of the Attorney General, No. 22, April 26, 1974, in Volume 4, No. 20.

While the opinion deals with the approval of certain contract forms, the reasoning applies with equal force to the instant situation. If the Commissioner must apply and follow the law of the Commonwealth in approving contracts, then he is unquestionably under the same obligation in approving licenses. Just as certain contract terms are unenforceable as against public policy, employment discrimination is prohibited as being against the public interest of this Commonwealth.

The Pennsylvania Human Relations Act, 43 P.S. §§951, et seq., makes it unlawful for any employer to discriminate in its employment policies because of race, color, religious creed, ancestry, age, sex or national origin, unless based upon a bona fide occupational qualification. The term "employer" includes *any* person employing four or more persons within the Commonwealth. Thus, any insurance

company which employs four or more persons within the State must comply with the Human Relations Act's prohibition against employment discrimination.

Violation of this act by an insurance company is grounds for suspension of its business in this Commonwealth. This duty is imposed upon the commissioner by the Insurance Department Act:

"The Insurance Commissioner shall suspend the entire business within this Commonwealth of any insurance company . . . of another state or foreign government, during its non-compliance with any provision of law obligatory upon it . . .": Act of May 21, 1921, P.L. 789, as amended, 40 P.S. §201.

The act further provides that:

"Whenever any domestic insurance company . . . has wilfully violated its charter or *any law of the Commonwealth* . . . the Insurance Commissioner . . . may suspend any such organization . . .": 40 P.S. §202(f). (Emphasis supplied.)

The above reasoning applies with equal force to all other licensees under The Insurance Department Act of 1921, 40 P.S. §§1, et seq., as well as The Insurance Company Law of 1921, 40 P.S. §§361, et seq.

The Insurance Department Act provides for the licensing of agents (40 P.S. §233) and of brokers (40 P.S. §252), and sets forth the requirements for obtaining such licenses. The licensee must be "of good business reputation" and "worthy of a license." A licensee may have his license "revoked by the Insurance Commissioner for cause." The Pennsylvania Code provides for the revocation, suspension or nonrenewal of a license "upon find-

ing, after a hearing, that such agent or broker has engaged in conduct which would disqualify him for initial issuance of a license. Such conduct includes [*but is not limited to*] *the indicated bases for initial denial of a license provided* in §33.7 of this Title.": 3 Pa. Code §33.18. (Emphasis supplied.)

Construing the above provisions of The Insurance Department Act and of the regulations of the department, agents and brokers who violate the Human Relations Act's prohibition on employment discrimination clearly are not "of good business reputation" and are not "worthy of a license." Hence, the licenses of brokers and agents who engage in such conduct prohibited by the laws and public interest of Pennsylvania may be revoked for cause. To conclude otherwise would be in contradiction of the oft-stated public policy of Pennsylvania to root out discrimination at every opportunity. Moreover, if the insurance company itself is required to be in compliance with the laws of the Commonwealth, then it is clear that in order to effectuate that requirement, its representatives, such as agents, must also be in compliance with those very same laws.

A similar conclusion was reached in Attorney General's Opinion No. 55 to the Liquor Control Board. There, it was declared that ". . . the Board is mandated to allow licenses only to reputable individuals . . . Certainly people who violate the Constitution or laws of the United States or the Commonwealth of Pennsylvania, including, but not limited to, the Pennsylvania Human Relations Act, or the clear public policy expressed against discrimination, cannot be considered individuals sufficiently reputable to receive or continue to hold liquor licenses from the Board."

The above rationale applies equally to managers and exclusive general agents, who are licensed under section 651 of The Insurance Department Act which provides in part that a licensee must possess a "... good business reputation and has the responsibility, general character and fitness for the business which are such as to command the confidence of the public and to warrant the belief that the applicant's activities will be honestly and efficiently conducted ...": 40 P.S. §291. The Insurance Commissioner "may, in his discretion, suspend or revoke or refuse to renew the license" of any licensee who is disqualified by section 651: 40 P.S. §293. It seems, therefore, that a licensee under 40 P.S. §291 who is in violation of State laws and strong public policy against discrimination fails "to command the confidence of the public."

To obtain a license, a public adjuster must possess "trustworthiness and competency to transact the business of public adjusters ... in such a manner as to safeguard the interests of the public.": 40 P.S. §304. One clearly does not exhibit the capacity to "safeguard" the interests of the public when one engages in discriminatory practices prohibited by the laws and public policy of this State. The Insurance Commissioner is authorized to revoke the license of public adjusters who have "violated any provisions" of The Insurance Department Act: 40 P.S. §306.

In summary, the Insurance Commissioner can refuse to issue or renew licenses to, and revoke or suspend licenses of licensees under The Insurance Department Act and Insurance Company Law, who discriminate on the basis of race, color, religious creed, sex or national origin in their employment policies. Since the Insurance Commissioner

has the duty to insure that the Insurance Laws of this Commonwealth are observed, he should adopt regulations which will implement this opinion. We urge that such regulations be promulgated at the earliest possible date and that they be drafted in a manner which will provide all current and potential license holders with adequate notice and explanation of the standards to which they will be held.