419 A.2d 705

**Victoria DuBOSE, a minor and Carmella DuBose, a minor by their parents and natural guardians, Betty DuBose and Roosevelt DuBose, and Betty DuBose and Roosevelt DuBose in their own right, and Edward Cook, a minor by his parent and natural guardian, Elease Cook and Elease Cook in her own right**

**v.**

**Sterling McCOY, Appellant.**

Superior Court of Pennsylvania.

Argued June 28, 1979.

Filed April 18, 1980.

Robert Silverman, Philadelphia, for appellant.

Richard Carl Smukler, Philadelphia, for appellees.

Before WIEAND, ROBINSON and LOUIK, JJ.*

LOUIK, Judge:

The single issue before this Court is whether the Pennsylvania No–Fault Act (40 P.S. 1009.101, et seq.) or the No–Fault Motor Vehicle Act of New Jersey (N.J.S.A. 39:6A–8) is applicable where the plaintiffs, domiciliaries of New Jersey, are injured in Pennsylvania in an automobile accident, with the defendant a domiciliary of Pennsylvania.

The lower court made findings in favor of the various plaintiffs in a tort action. It appears that this matter is one of first impression in this court.

By stipulation it was agreed that the medical bills for the monetary threshold as to tort liability were in excess of the amount set forth in the applicable New Jersey No–Fault Act but less than the threshold requirements of the Pennsylvania No–Fault Motor Vehicle Insurance Act. The applicable provisions of the Pennsylvania statute are as follows:

"(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no–fault plan for

---

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation. This decision was reached following the death of ROBINSON, J.

motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs.

If there is no such state no–fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no–fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim. If a victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs." 1974 P.L. 489, Sec. 1009.110.

The interpretative regulations promulgated by the Pennsylvania Insurance Department on the above sections of the Pennsylvania No–Fault Act provide as follows:

(b) If a nonresident is involved in an accident in the Commonwealth, he will receive benefits as provided under his state of domicile no–fault plan . . .

(2) A "state no–fault plan" is defined to be a plan which contains the following elements:

(i) compulsory or mandatory automobile insurance,

(ii) first party benefits, and,

(iii) a restriction on the right to bring actions for noneconomic detriment . . . "

Title 31, Pennsylvania Code, Section 66.1–110(C)(1).

Appellant contends that the purpose of the Pennsylvania law was to reduce the number of law suits involving small claims and thereby relieve congestion in the courts. The statute itself states the purpose in the following language:

"(b) Purposes.–Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims."

Whether or not the intent of the Legislature was as Appellant contends or as set forth in the Statute itself, the court must decide the issue by the words of the statute.

1 Pa.C.S. Sec. 1903(a).

"Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; . . ."

1 Pa.C.S. Sec. 1921

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The provisions in the Pennsylvania No–Fault Act are very clear. There is no ambiguity. The Court cannot look at any alleged purpose or spirit if the provisions of the statute are definite and unambiguous. *Young v. Com. Bd. of Probation and Parole*, 487 Pa. 428, 409 A.2d 843 states as follows:

" . . . it is a fundamental principle in our conception of judicial authority that courts are not to inquire into the wisdom, reason or expediency behind a legislative enactment. *Commonwealth v. Moir*, 199 Pa. 534, 49 A. 351 (1901). Nor are the motives of the legislators in passing the act open to judicial consideration."

The plaintiffs had a clear right to bring a tort action. Findings of lower court affirmed.