## Henderson v. Gostony

*George Martin*, for plaintiff.
*James C. Haggerty*, for defendants.

BULLOCK, *J.*, July 16, 1981—Before us are the preliminary objections of defendants Henry Gostony and Nancy B. Gostony to the complaint in trespass herein. The sole question raised is whether the complaint is barred by the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq.

The complaint alleges that on September 8, 1979, plaintiff was injured when she was "lawfully alighting from an automobile" and "fell in a large hole which was located adjacent to the sidewalk on the property line" separating the properties of the two defendant couples. The complaint did not

make any averments setting forth the amount of medical expenses or lost earnings.

Section 201 of the No-fault Act, 40 P.S. §1009.201, provides in part: "If the accident resulting in injury occurs in this Commonwealth, any victim . . . is entitled to receive basic loss benefits in accordance with the provisions of this act." The No-fault Act defines "victim" as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle . . ." 40 P.S. §1009.103. The No-fault Act further states at 40 P.S. §1009.103: "Maintenance or use of a motor vehicle means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it." Section 301 of the act, 40 P.S. §1009.301, outlaws tort liability in cases of injury arising out of the use or maintenance of an automobile, with certain exceptions. Among the exceptions are cases where the medical expenses exceed a certain amount, where the wage losses exceed a certain amount, and where the injuries are of a certain type.

Plaintiff cites in her support Ash v. Commonwealth Realty Co., 4 D. & C. 3d 418 (1978) and Smith v. Narques, 8 D. & C. 3d 771 (1978). In Ash, a plaintiff was permitted to file a tort action against a property owner after she was struck by debris falling from the property, as she was sitting in her automobile waiting for a green light. In Smith, a plaintiff was permitted to file a tort action against a bicyclist who struck him after he had alighted from a bus and walked several steps. In Ash, the Lehigh County Court based its decision on the fact that plaintiff was not a "motor vehicle accident victim," even though she was occupying a vehicle when she was hurt. In Smith, the Allegheny County Court

found that plaintiff was not alighting from a vehicle when he was hurt and that, therefore, the No-fault Act did not apply. However, the court then went further and held that the act did eliminate tort liability except with respect to those who must provide no-fault security, stating at p. 774-5:

"The no-fault legislative scheme is a tradeoff in which victims of relatively minor automobile accidents give up their rights to seek recovery for noneconomic losses in exchange for the guarantee of prompt and full payment of economic losses regardless of fault. Thus, section 301's exemption from tort liability is intended to protect only those who must provide no-fault security. There is no basis for believing that the legislature intended to permit persons operating outside of the no-fault scheme to receive a free ride; to the contrary, such a reading of section 301 is inconsistent with the regulatory scheme, undermines the purpose of the No-fault Act and produces a result that is unreasonable and absurd."

The only appellate decision we have discovered bearing on this issue is Dull v. Employers Mutual Casualty Co., 278 Pa. Superior Ct. 569, 420 A. 2d 688 (1980). In that case a plaintiff was injured "because of the condition of the land" while he was removing a boat from the top of his car. He sued for no-fault benefits, claiming that the words "occupying" or "alighting from" should be broadly construed to include his situation. The Superior Court, while indicating that there might be situations in which a broad construction of these words might be appropriate, held that in this case the words should be read in their plain meaning. It quoted the Statutory Construction Act, 1 Pa.C.S.A. § 1901 ff to the effect that "when the words of a statute are

clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit." The Superior Court thereupon held that no-fault benefits were not payable since plaintiff did not qualify within the wording of the act. The Superior Court also stated, however at 278 Pa. Superior Ct. 573: "The lower court correctly noted in its opinion that appellant was not involved in a motor vehicle accident. Consequently, the legislative purpose would not be furthered by extending liability under the No-Fault Act to the facts of this case."

The fact that section 301, 40 P.S. § 1009.301, of the No-fault Act makes no-fault claims and tort claims mutually exclusive naturally means that the broader the coverage of the act, the more narrowly are tort actions permitted. Moreover, we cannot lose sight of the fact that the standard for no-fault coverage is not the nature of defendants but the nature of the injuries. If the present action were against a no-fault carrier, particularly if the sidewalk in question were adjacent to an abandoned property where likelihood of tort recovery was slim, we have no doubt that the appellate courts would find liability against the no-fault carrier based on the clear language of the act, which includes coverage for injuries occurring while a person is "alighting from a vehicle." Therefore, unless we are willing to conclude that in some situations a plaintiff may have an option to choose between no-fault benefits and a tort action, we must also conclude, as a consequence, that the property owner in this case may not be sued in tort, even though this is what the court in Smith would consider "a free ride" for the property owner and an absurd result.

We are tempted to find the reasoning in Smith

persuasive. It does seem highly questionable whether the General Assembly intended to grant a "free ride" to defendants not involved in automobile operation or maintenance whose torts cause injury to a person occupying or alighting from a vehicle. In Smith, however, the court's broad language was dicta, since, under the facts of that case, plaintiff was injured only after he had clearly completed alighting from a motor vehicle.

Since plaintiff herein is clearly covered by the No-fault Act and since section 301, 40 P.S. § 1009.301, of the act by its express terms abolishes tort liability where there is no-fault coverage unless certain thresholds are met and since no meeting of thresholds has been pleaded herein, we believe we are obliged to sustain defendants' preliminary objections.

We are not unaware of the language in both Dull and Ash which suggests that a plaintiff who is not the "victim of a motor vehicle accident" has tort rights rather than no-fault rights. The language in both cases seems to suggest that where the involvement of an automobile is only incidental or fortuitous and the accident is really "caused" by something else, it is not a no-fault case. We note, however, that the General Assembly in using the phrase "arising out of the use or maintenance of a motor vehicle" avoided traditional "legal cause" or "proximate cause" language. Under the circumstances, we are not prepared to read the Superior Court's language, "not involved in a motor vehicle accident" as imposing any kind of proximate cause test. In our view, however, the court in Ash imposed such a test. There plaintiff was not only occupying a motor vehicle, but was actually in the process of operating it. Although, at the moment of the accident she was stopped, from the reasoning of the

opinion it would have made no difference if the vehicle had been moving. We read Ash as holding that it was not a no-fault case because the "fact that the plaintiff happened to be sitting in a motor vehicle" was incidental and fortuitous and was not the legal cause of the accident. We would not reach the same result. In our view, the reasoning in Ash narrows the applicability of the No-fault Act beyond what the legislature intended.

Although we would be happy to see the No-fault Act amended in such a way as to give plaintiffs in a case like the present case an option to pursue either no-fault benefits or a verdict in a tort action, under the present law we believe this plaintiff has pleaded a claim under the No-fault Act and consequently does not have a tort claim, unless there are unpleaded facts which make the case an exception under section 301, 40 P.S. §1009.301 of the No-fault Act.

## ORDER

And now, July 16, 1981, the preliminary objections of Henry Gostony and Nancy B. Gostony to the complaint in trespass herein are sustained. Plaintiff, however, is granted leave to file an amended complaint within 20 days hereof, if the facts so warrant.