## Collier v. Cumis Insurance Company

*Alan M. Feldman,* for plaintiff.
*Mary M. Rogers,* for defendant.

LORD, *J.*, March 12, 1982—This matter is before this court on cross motions for summary judgment. The motions turn on the interpretation of the "arises out of the maintenance or use of motor vehicle" language of the Pennsylvania No-fault Motor Vehicle Insurance Act. 40 Pa. C.S. § 1009.301(a).

Briefly stated, the facts stipulated to by the parties are as follows. While driving a SEPTA bus, plaintiff collided with a truck. Immediately following the collision plaintiff, who was at that point unharmed, left the bus only to find the driver of the truck pinned under the overturned truck. In an attempt to assist the driver of the truck, plaintiff lifted the truck off of the driver and continued to hold it there for several

seconds. As a result of this rescue effort, plaintiff sustained lower back injuries.

The question which must then be answered is whether the portion of the no-fault act which defines the act as being applicable to an injury which "arises out of the maintenance or use of a motor vehicle", 40 P.S. §1009.101 et seq., encompasses the instant facts. It is the considered opinion of this court that it does.

We begin by noting that there are no appellate cases squarely on point. Apparently, the only Superior Court case interpretive of this language is Dull v. Employers Mutual, 278 Pa. Super. 569, 420 A.2d 688 (1980). The holding in that case, in which a man was injured while removing a boat from the roof of a parked car, does not, however, control the instant facts as the Superior Court opinion noted:

> "[T]he purpose of the No-fault Act is 'to establish . . . a Statewide system of prompt and adequate *basic loss benefits for motor vehicle accident victims.* . . .' 40 P.S. §1009.102(b) (Emphasis added). The lower court correctly noted in its opinion that appellant was not involved in a motor vehicle accident. Consequently, the legislative purpose would not be furthered by extending liability under the No-fault Act to the facts of this case."

On the facts of the instant case, however, the purpose of the legislature is clearly advanced. Plaintiff was injured while in the posture of the rescuer of a man with whom he had just been involved in a vehicular collision. Although plaintiff was not injured by the force of the collision itself, for causation purposes, plaintiff's injuries would clearly be found to be proximately caused by the accident were this an ordinary tort action. Simmons v. Pennsylvania R.R.

Co., 2 D. & C. 2d 233 (1955); Wagner v. International Railroad Co., 232 N.Y. 176, 133 N.E. 437 (1921) (Cardozo, J.).

Concluding that such injuries would be within the ambit of the narrow proximate cause rule, it would be difficult to find that such injuries would not fall within the protection of language which requires only that the "arise" out of the maintenance or use of a motor vehicle. This is particularly true in the light of the well established policy of the courts of the Commonwealth to interpret legislative intent so as to find coverage in close or doubtful situations and that if there is to be interpretive error, it should be in favor of the insured. Dull v. Employers Mutual Casualty Co., supra.

This interpretation of the statutory language is further supported by the Pennsylvania Supreme Court's holding in Manufacturer's Casualty Insurance Co. v. Goodville Mutual Casualty Co., 403 Pa. 603, 170 A.2d 571 (1961), in which the court construed the "arising out of the use of" language in an insurance policy to be substantially broader than the proximate cause test there asserted by the insurer. The court in that case found that the injuries must only be "causally connected with" the use in order to fall within the language. Similarly, if the legislature had intended to strictly limit recovery under the act, it could have simply done so by specifying a more restrictive test.

Based on the foregoing discussion, we find that the injuries incurred by plaintiff in the instant case are within the intended scope of the no-fault act, and there being no unresolved issues of fact in this case, plaintiff's motion for summary judgment is granted.

## ORDER

And now, this March 12, 1982, upon consideration of the motions for summary judgment of plaintiff and defendant, it is hereby ordered and decreed that plaintiff's motion is granted and defendant's motion is denied.