## Campbell v. Allstate Insurance Company

*Martin M. Sheinman*, for plaintiff.
*Paul W. Roman, Jr.*, for defendant.

FINKELHOR, *J.*, July 15, 1982—The present matter comes before the court, en banc, on defendant's motion for summary judgment on a claim filed by plaintiff for No-fault benefits.

The issues are (1) whether the "injury arose out of the maintenance or use of a motor vehicle"; and (2) whether defendant is estopped to deny coverage.

The facts are briefly as follows:

On or about January 26, 1981, plaintiff, while helping to unload a truck, attempted to pry a cement block from the backend of said truck and was struck on the head by a portion of a boom attached to the vehicle. Following the accident, plaintiff submitted to defendant a No-fault claim. Work loss benefits were paid to plaintiff for approximately three months and were then suspended by defendant. As a result of said suspension, plaintiff instituted suit at the above number against defendant and defendant has filed a counterclaim for work loss benefits previously paid.[1]

It is defendant's position that, under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq., the above accident did not arise from the maintenance or use of a motor vehi-

---

1. Said crossclaim matter is not before the court and is not included in the present motion.

cle. It is plaintiff's position that defendant, having examined the claim and paid benefits, is now estopped to deny coverage.

Section 103 of the act defines "loss" as "economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle."

Section 103 further states as follows:

"'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include;

. . .

"(B) conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

In Dull v. Employers Casualty Co., 278 Pa. Super. 569, 420 A. 2d 688 (1980), the court held that an insured who had parked his automobile at a lakeside area, emerged from it and, in the course of removing his boat from the roof of the vehicle, slipped, fell and was injured. The court determined that plaintiff was not in the process of alighting from, or entering, a vehicle. In Crusco v. Ins. Co. of North America, 437 A. 2d 52 (Pa. Super. 1981), the claim of an insured, who was killed when a gas stove exploded in a motor home, was found not within the parameters of the No-fault Act. See also, Monaghan v. Pennsylvania Manufacturers Association, No. 1243 Pittsburgh 1980, Opinion, Vander-Voort, J., filed July 9, 1982.

In the instant proceedings, plaintiff was engaged in unloading concrete blocks and was neither occupying, entering or alighting from a motor vehicle. It is clear from the appellate court opinions that the No-fault Act is aimed at protecting those persons

who are using motor vehicles for the purposes of transportation and not for other uses. Plaintiff's activity was simply not within the parameters of the No-fault Act.

However, it is plaintiff's second position that, having honored the claim, the insurance carrier is estopped from denying coverage. Plaintiff argues that, in investigations prior to suit, the carrier was made familiar with the facts of the accident and cannot now deny the claim.

In order to establish a waiver by the insurance carrier or estoppel to deny the claim, the evidence must show that the acts of the carrier constituted a voluntary intentional relinquishment of a known right and that the insurer had full knowledge of all pertinent facts: 16 Appleman, Insurance Law § 9081.

However, while waiver and estoppel have been held applicable to certain areas of insurance law, "the courts of most jurisdictions agree that these concepts are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or especially excluded therefrom." 1 A.L.R. 3d 1144. Wasilko v. Home Mutual Casualty Co., 210 Pa. Super. 322, 232 A. 2d 60 (1967), Goodwin v. Hartford Life Ins. Co., 491 F. 2d 332 (3d Cir. 1974).

As summarized by Appleman on Insurance Law, Vol. 16, § 9090:

"Insurance contracts cannot be created by estoppel. That doctrine cannot be invoked by an insured to create a primary liability of the insurer for which all elements of a binding contract are necessary."

In Wasilko, supra, the Pennsylvania Superior Court stated:

". . . Regardless of whether the evidence was sufficient to establish these elements of waiver in this

case, the ordinary doctrine of waiver cannot be applied to the 'non-owner' provisions of an operator's liability policy. The rule is well established that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground of forfeiture, may not be waived by implication from the conduct or action of the insurer. The doctrine of implied waiver is not available to bring within the coverage of an insurance policy, risks that are expressly excluded therefrom. 16 Appleman, Insurance Law §9090 at 630; 45 C.J.S., Insurance §674 at 616 n. 36. *In Pennsylvania, the doctrine of waiver or estoppel cannot create an insurance contract where none existed. . . .*" 210 Pa. Super. at 328 (Emphasis added.)

The issue in this case is clearly one of coverage. Plaintiff is claiming that his activities fall within the terms of the No-fault Act.[2] Under the case law, it has been clearly held that such coverage does not extend to the unloading of a motor vehicle. There are no disputed issues of fact as to what plaintiff was doing at the time of the accident or the investigation that was made by the insurance carrier. As the issue raised by plaintiff is one of coverage under the policy and does not involve disputed facts, an implied waiver or estoppel, is not applicable to support plaintiff's claim against defendant.

Based upon the above discussion, summary judgment is appropriate in these proceedings and an order is attached hereto.

## ORDER

And now, July 1, 1982, upon the motion of defend-

_____

2. While the policy has not been submitted in this case, plaintiff does not contend that the coverage of the policy is broader than the No-fault Act.

ant Allstate Insurance Company for summary judgment to plaintiff's claim for No-fault benefits and after careful consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said motion for summary judgment is granted as to plaintiff's complaint.