## Barsottini v. State Farm Mutual Automobile Insurance Co.

*Richard J. Fidei,* for plaintiff.
*Frank S. Kelker,* for defendant.
*Bruce E. Woodske,* for additional defendant.

WALKO, *J.,* February 16, 1984—Plaintiff has filed suit against State Farm Insurance Company, her no-fault insurance carrier, to secure payment of basic loss benefits.

Plaintiff's injuries arose out of an automobile accident which occurred on July 29, 1978 in Stoney Point, New York, while she was riding as a passenger in a vehicle owned by a New York resident, Geraldine Romeo, which was insured by Safeco Insurance Company. State Farm subsequently joined Safeco for contribution. Currently before the court for consideration is Safeco's motion for summary judgment against State Farm's action for contribution for basic loss benefits due plaintiff.

The first issue that must be addressed is whether Pennsylvania or New York's no-fault provisions apply. Under the conflicts provisions of the Pennsylvania Statute, 40 Pa. Cons. Stat. Ann. § 1009.110(c) (Purdon 1971), basic loss benefits are to be determined by the provisions of the state no-fault plan in effect in the state of domicile of the victim on the date when the accident occurred. A similar provision is also found in the New York Statute. Since M's. Barsottini was a Pennsylvania resident at the time the accident occurred, Pennsylvania's no-fault provisions would apply.

Resolution of the first issue necessitates the court's examination of whether State Farm is entitled to contribution from Safeco or whether Safeco's motion for summary judgment should be granted. There are no appellate cases on this precise issue, therefore we must look to cases involving victims of auto accidents who are domiciled outside Pennsylvania in a state which had a no-fault plan in effect at the time of the accident in order to discern the guidance and reasoning of our courts and apply that to this case. One such case is Toter v. Knight, 278 Pa. Super 547, 420 A.2d 676 (1980). The Toter case involved a New Jersey resident being injured in an automobile accident that occurred in Pennsylvania. Defendant in the Toter case was a Pennsylvania resident. The Pennsylvania Superior Court in Toter in holding that the New Jersey no-fault provisions apply, including their tort action provisions, stated:

"The two general rules governing the right of a non-resident to recover basic loss benefits when a non-resident is injured in a motor vehicle accident in this state are: (1) if the non-resident is domiciled in a state that has in effect a state no-fault plan for motor vehicle insurance, *the non-resident is denied the benefits available under Pennsylvania's No-*

*fault Act and is remitted to the benefits available under the plan of his home state;* and; (2) if the non-resident is domiciled in a state that does not have in effect a state no-fault plan, or if the non-resident is not domiciled in any state then he is entitled to basic loss benefits under Pennsylvania's No-fault Act. Toter v. Knight, supra. (Emphasis supplied.)"

We are further strengthened in our belief that this result is appropriate by the reasoning set forth in Pryor v. Fireman's Fund Insurance Company, 537 F. Supp. 971 (1982). In that case plaintiff, a Connecticut domiciliary, sustained injuries in an automobile accident while riding as a passenger in a pick-up truck owned and operated by a New Jersey domiciliary who was uninsured. The accident occurred in Pennsylvania. Plaintiff resided with his father who had an insurance policy written by defendant. Plaintiff filed suit claiming that Pennsylvania no-fault benefits rather than Connecticut no-fault benefits should apply to his claims against defendant. It appeared that Connecticut benefits were less than those benefits provided for under the Pennsylvania plan. The court, relying on Toter and DuBose v. McCoy, 277 Pa. Super 149, 419 A.2d 705 (1980) rejected plaintiff's claim and held that his recovery was limited to Connecticut benefits.

"Consequently, we hold that the extent of the plaintiff's recovery of basic loss benefits is governed by the law of Connecticut, see Conn. Gen. Stat. §38-320. Because it is evident from the pleadings that the defendant, Fireman's Fund, has either paid or offered to pay the plaintiff's expenses up to the Connecticut limit of $5,000, *there can be no statutory basis for a further recovery against either the Pennsylvania Assigned Claims Plan or Fireman's Fund.* (Emphasis supplied.)"

Utilizing the reasoning in Toter and Pryor, the

court holds in this case, that since M's. Bursottini was a Pennsylvania domiciliary at the time of the accident, she is remitted to the benefits available under the Pennsylvania's No-fault Act.

For the reasons set forth above, Safeco Insurance Company's motion for summary judgment is granted.

## ORDER

And now, February 16, 1984, after consideration of arguments of opposing counsel, the motion for summary judgment of the additional defendant, Safeco Insurance Company, is granted and the case against Safeco Insurance Company is dismissed.