## Recovery Services International v. Carr

*Donald R. McKay, William J. Madden,* for plaintiff.

*Charles F. Gilchrest,* for defendants.

ACKER, *J.,* September 27, 1984 — Both plaintiff and defendants have filed motions for summary judgment. Defendant-wife owned a motor vehicle properly titled, licensed and insured in the State of Ohio where she and her husband-defendant reside. The couple was injured in an automobile accident in Pennsylvania when defendant-husband was driving the car and defendant-wife was a passenger. It is alleged by defendants that they were not at fault. Plaintiff claims this to be irrelevant,[1] but denies the contention. Both defendants collected basic loss benefits under Pennsylvania's assigned claims plan

---

1. Both parties agree recovery in such cases is not dependent upon a determination of fault. This concept is in accord with General Accident Group v. Doctorovitz, 13 D. & C.3d 630 (1979) which is cited with approval in Harleysville Mutual Ins. Co. v. Schuck, 302 Pa. Super. 534, 449 A.2d 45 (1982) and Kottler v. Rick, 12 D. & C.3d 316 (1979).

under the No-fault Automobile Insurance Act.[2] (40 P.S. §1009.101 et seq.).

Plaintiff alleges that it is the subrogee to the insurance carrier who paid the benefits to defendant under the assigned risk plan and seeks to recover against defendants under §501 of the act. (40 P.S. §1009.501). Defendants are uninsured motorists under the No-fault Act. That section provides that the obligor who is obligated to pay basic loss benefits for accidental bodily injury (under an assigned claim plan) to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act or the spouse of the owner, shall be entitled to recover all the benefits paid which come from the owner or registrant of such motor vehicle.

It is recognized that a motion for summary judgment under Pa. R.C.P. 1035 will be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The court in considering the motion may examine the pleadings, affidavits, admissions, interrogatories and depositions of record. A summary judgment will be granted only in the clearest case when there is no doubt as to the absence of triable issues of fact. Williams v. Pilgrim Life Insurance, 306 Pa. Super. 170, 452 A.2d 269 (1982); Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968). In ruling on a motion for summary judgment the court must view the record in the light most favorable to the non-moving party. Ostronic v. Insurance Company of North America, 314 Pa. Super. 146, 460 A.2d 808 (1983).

Paragraph 3 of plaintiff's complaint alleges that plaintiff is the subrogee and ". . . has the same

2. Act of 1974, July 19, P.L. 489, No. 176, Art. 1, §101 [40 P.S. §1009.101].

rights as though it had issued an insurance policy to the defendant." Defendants by their answer in Paragraph 3 respond that it is denied that Recovery Services International is the subrogation department of INA. They so answer due to inability after reasonable investigation to form a conclusion. Defendants do admit that INA was a servicing insuror of defendants' claim under the Pennsylvania Assigned Claims Plan. It could be contended there is a material fact to be resolved prior to passing upon the party's motion. However, defendants in their motion for summary judgment acknowledged that plaintiff through the Insurance Company of North America reimbursed Harry Carr in the amount of $132.50 in personal injury protection benefits and Elizabeth Carr in the amount of $1,987.38 in personal injury benefits for the allowable expense loss incurred in the automobile accident of February 3, 1980, and that the reimbursements were made through the Pennsylvania Assigned Claim Plan.

Paragraph 7 of defendants' motion alleges that there is no dispute as to the material facts. Therefore, defendants acknowledge sufficient allegations to permit a determination of the issues.

Section 104 of the No-fault Motor Vehicle Insurance Act of 1974, 40 P.S. § 1009.104 requires every motor vehicle owner of a vehicle operated in this Commonwealth to provide security covering the vehicle while it is present in the Commonwealth. At the time of the accident the Carrs were uninsured within the meaning of the act.

Section 110(c)(1) 40 P.S. & § 1009.110(c)(1) required the insurance carrier to pay to defendants the monies sought through this suit. Under section 501 of the act, 40 P.S. § 1009.501 there arises a duty

to repay such benefits.[3]

The duty to repay such benefits is absolute. Ostronic v. Insurance Company of North America, supra; Harleysville Mutual Insurance Company v. Schuck, supra; Davis v. Travelers Insurance Co., 574 F.S. 188 (W.D., Pa. 1983). There are no Pennsylvania cases where an out-of-state resident, who is uninsured in his home state and in Pennsylvania, is involved in an accident in Pennsylvania to which he is not at fault and who was requested and refused to repay monies as in this case. Section 110(c)(2) gives the right to defendants to sue in tort in that there was no applicable no-fault act in Ohio and, therefore, the right given by the law of the home domicile of defendants to sue is preserved under our No-fault Act through this section. Miller v. Gay, 323 Pa. Super. 466, 470 A.2d 1353 (1983); Toter v. Knight, 278 Pa. Super. 547, 420 A.2d 676 (1980); DuBois v. McCoy, 277 Pa. Super. 149, 419 A.2d 705 (1980). Defendants do have the right to seek to be compensated for their loss by commencing an action against the wrongdoers in the accident giving rise to this matter.

We see merit in the contention that Harry Carr, the husband of the owner of the vehicle, cannot by this action be forced to repay monies which he received. The obligation to pay benefits is to the owner or the spouse or a relative or resident in the household of the owner, or the registrant of the motor vehicle. The obligation to pay back is "from the owner or registrant of such motor vehicle or from his

---

3. Section 501 permits the obligor who has been obliged to pay loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act, or to the spouse or resident of the household or registrant of such motor vehicle to recover all benefits paid.

estate." 40 P.S. § 1009.501. The act, therefore, does not provide for repayment by the spouse or a relative resident in the household of the owner or registrant of the vehicle involved.

Finally, defendant contends that section 501 of the Pennsylvania No-fault Motor Vehicle Insurance Act is unconstitutional, supra. Constitutional issues should not be reached or resolved if a case can be decided on non-constitutional grounds. Ballou v. State Ethics Commission, 496 Pa. 127, 436 A.2d 186 (1981). This case does not require consideration of such issues in this case. We have, however, examined the constitutional contentions and find them to be without merit.

Defendants raise two challenges of constitutional dimension. They contend that section 501, 40 P.S. § 1009.501 is in violation of Article III, Section 3 of the Pennsylvania Constitution which requires that "No bills shall be passed containing more than one subject, which is clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof."

Other sections of the statute were similarly attacked in Singer v. Shephard, 33 Pa. Commw. 276, 381 A.2d 1007 (1978).[4] We believe that the title of the act is sufficient to inform defendants of the provisions of sections 501, 40 P.S. § 1009.501.

The second constitutional contention is that to enforce section 501, 40 P.S. § 1009.501 against a

---

4. Sections of the No-fault Motor Vehicle Insurance Act therein declared not to be so vague or inconsistent on their face as to deny due process and the enforcement were 40 P.S. § 1009.103, 104(d), 106(a)(3), (c), 108(a)(3), (c), 111(a)(4), 203(a-c), 207(a)(1), (6), 208(b), 301(a)(2), (5). The same case was before our Supreme Court on other constitutional grounds at 464 Pa. 387, 346 A.2d 897 (1975).

non-resident motorist from a state without a no-fault auto insurance act would place a disability on that person in participating in interstate travel. It is claimed it would in fact deny all benefits to a non-resident under the No-fault Act for an accident in Pennsylvania. This ignores section 1009.110(c)(2) which allows an out-of-state resident to recover for damages in a tort action as if the action had occurred in his home state if, by the laws of his home state, he would be entitled to institute such an action. Therefore, defendant, being an innocent car owner, would not be denied compensation from the wrongdoer. In Tierney v. Pennsylvania Assigned Claims Plan, 319 Pa. Super. 299, 466 A.2d 168 (1983), an uninsured Pennsylvania motorist injured in another state challenged the denial of benefits under the Pennsylvania Assigned Claims Plan contending that it impedes free flow of interstate commerce as contended in this case. The court rejected contentions of denial of equal protection in violation of the Commerce Clause of the United States Constitution. It was held that the act provides a reasonable and legitimate purpose in affording protective benefits for those injured in car accidents in Pennsylvania. Our act was held to have a minimal effect on interstate travel and commerce. The reasoning in Tierney is equally applicable here. Wherefore, we will dismiss the motion for summary judgment as to Elizabeth Carr but grant motion for summary judgment as to Harry Carr. We will grant petitioner's motion for summary judgment against Elizabeth Carr.

Hence, this

## ORDER

And now, this September 27, 1984, it is hereby ordered and decreed that the motion for summary

judgment of Elizabeth Carr is denied. The motion of summary judgment of Harry Carr is granted. The motion of summary judgment of Recovery Services International against Elizabeth Carr in the amount of $1,987.38 for medical expenses for bodily injuries which she sustained in the motor vehicle accident February 3, 1980, is granted.